INTERNATIONAL & G. N. R. CO. et al. v. HOYLE.

(Circuit Court of Appeals, Fifth Circuit. November 29, 1906.)

No. 1,575.

REMOVAL OF CAUSES—WANT OF JURISDICTION OF FEDERAL COURT—DUTY TO REMAND.

> The removal by one of two joint defendants of a cause which was not removable because of the absence of a separable controversy does not give the federal court jurisdiction, and the cause should be remanded at any stage, at the instance of any party or on the court's own motion, whenever such fact appears.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 218, 219.]

In Error to the Circuit Court of the United States for the Western District of Texas.

J. D. Guinn and Waller S. Baker, for plaintiffs in error.
Allan D. Sanford, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The defendant in error, S. C. Hoyle, a resident citizen of San Antonio, Bexar county, Tex., filed this suit in the district court of Robertson county, Tex., against the plaintiffs in error, the International & Great Northern Railroad Company and the Pullman Palace Car Company, to recover $5,000 on account of alleged

personal injuries inflicted upon his wife, Mabel A. Hoyle, on or about the 19th day of October, 1903, resulting from the alleged negligence of the plaintiffs in error in failing to stop their train at the regular stopping place in Hearne, Tex., and causing her to disembark and walk to the depot at Hearne, an alleged distance of about half a mile. The plaintiff in error the International & Great Northern Railroad Company answered in the district court of Robertson county by general exception, general denial, contributory negligence upon the part of Mabel A. Hoyle; and answered, further, that it was not guilty of negligence, and that, if any one was, the employés of the Pullman Company were, and prayed for a recovery over against the Pullman Company if judgment should be rendered against it. The plaintiff in error the Pullman Company answered by general exception and general denial, and thereafter, by petition and bond duly filed, removed this cause to the Circuit Court of the United States for the Western District of Texas, at Waco, Tex. Both plaintiffs in error repleaded in the Circuit Court, but there was no material change in the answer of the International & Great Northern Railroad Company. Judgment was rendered in favor of the defendant in error against both plaintiffs in error on the 18th day of November, A. D. 1905, for $2,300, interest and costs.

Plaintiffs in error filed separate motions for a new trial. The motion for new trial as filed by the plaintiff in error the International & Great Northern Railroad Company raises succinctly the sole question raised by this plaintiff in error—that is, that the petition filed in the state court by S. C. Hoyle, the defendant in error, against the plaintiffs in error, did not present distinct and separate causes of action, one of which was against the railroad company and the other against the Pullman Company, but embraced a single cause of action and a single ground of relief—and it is urged in this motion for a new trial that the judgment be vacated and the cause be dismissed or remanded to the state court for the want of jurisdiction in the honorable Circuit Court. The court overruled the motion of plaintiff in error the International & Great Northern Railroad Company, and it duly excepted in open court, and tendered its bill of exception to the court, which was signed and sealed by the court. The judge signing the bill said in explanation:

"When the cause was called for trial, the court remarked to counsel that the cause was not removable, and suggested that a motion to remand be made. Counsel for plaintiff retired to consult and determined that they would not make the motion. Counsel for railroad company was also present and failed to make a motion to remand. The cause went to trial and judgment, and after judgment the railroad company submitted a motion to remand to the state court, which, under the circumstances, the court overruled."

The suit as originally brought in the state court presented only one cause of action, and there was no separable controversy of which either defendant could avail itself for purposes of removal. See Wilson v. Oswego Township, 151 U. S. 56, 14 Sup. Ct. 259, 38 L. Ed. 70; Brown v. Trousdale, 138 U. S. 396, 11 Sup. Ct. 308, 34 L. Ed. 987; Torrence v. Shedd, 144 U. S. 530, 12 Sup. Ct. 726, 36 L. Ed. 528; Pow-

ers v. Chesapeake & Ohio Ry. Co., 169 U. S. 97, 18 Sup. Ct. 264, 42 L. Ed. 673. It follows that the suit was not removable to the United States Circuit Court and that court acquired no jurisdiction.

The want of jurisdiction of the court below can be assigned as error by any plaintiff in error, although he provoked the removal in question. See Capron v. Van Noorden, 2 Cranch, 126, 2 L. Ed. 229; The Dred Scott Case, 19 How. 393–440, 15 L. Ed. 691; Railway Co. v. Swan, 111 U. S. 379–383, 4 Sup. Ct. 510, 28 L. Ed. 462. And this court will on its own motion notice the absence of jurisdiction in the court below. Jackson v. Ashton, 8 Pet. 146, 8 L. Ed. 898; Chapman v. Barney, 129 U. S. 681, 9 Sup. Ct. 426, 32 L. Ed. 800; Mattingly v. N. W. Virginia Railroad, 158 U. S. 57, 15 Sup. Ct. 725, 39 L. Ed. 894, and cases there cited.

The judgment of the Circuit Court is reversed, and the cause is remanded, with instructions to set aside the verdict and remand the cause to the state court from which it was removed, the costs of this court to be paid by the Pullman Palace Car Company.