## HIGHWAY CONST. CO. et al. v. McCLELLAND.*

(Circuit Court of Appeals, Eighth Circuit. June 5, 1926.)

No. 7179.

**1. Appeal and error** ⊗⇒23.

First question for appellate court, in every case, is that of jurisdiction, first of itself, and then of the trial court.

**2. Removal of causes** ⊗⇒111.

Allegations of removal petition are to be taken as true, in absence of motion to remand or plea to the jurisdiction.

**3. Removal of causes** ⊗⇒111.

Only if the fact allegations in petition for removal are sufficient does it establish jurisdiction in federal court, though there be no motion to remand or plea to jurisdiction.

**4. Removal of causes** ⊗⇒36.

If cause of action against several defendants be joint, case is not removable, on ground of diversity of citizenship, unless defendant, who, like plaintiff, was citizen of state where action was brought, was fraudulently joined.

*Rehearing denied 15 F.(2d) 187.

**5. Removal of causes ⊜⇒59.**

If cause of action against two defendants be joint, case is not removable, unless both join in petition.

**6. Courts ⊜⇒280.**

Facts appearing in record in case for negligence removed from state court *held* not such that jurisdiction of federal District Court should be presumed.

**7. Courts ⊜⇒279, 280.**

Facts establishing jurisdiction in federal court in case for negligence removed from state court *held* not shown either by pleadings or record.

**8. Courts ⊜⇒280.**

Facts on which jurisdiction of federal courts rests must in some form appear in the record of all suits prosecuted before them.

In Error to the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Action by Alice McClelland against the Highway Construction Company and others. Judgment for plaintiff against the named defendant and another, and they bring error. Reversed and remanded, with direction to remand to state court.

Inghram D. Hook, of Kansas City, Mo., for plaintiffs in error.

Roger S. Miller and Scott J. Miller, both of Chillicothe, Mo., for defendant in error.

Before STONE, KENYON, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge. [1] Plaintiffs in error, defendants below, by this writ of error seek to review a judgment entered after verdict in the District Court for the Western District of Missouri. In the case of M. C. & L. M. Ry. v. Swan, 111 U. S. 379, 382, 4 S. Ct. 510, 511 (28 L. Ed. 462), the Supreme Court laid down the following rule:

"On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it."

See C., B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 419, 31 S. Ct. 460, 55 L. Ed. 521; B. & O. R. R. v. City of Parkersburg, 268 U. S. 35, 45 S. Ct. 382, 69 L. Ed. 834.

With this rule in mind, and because the record in the case at bar, at the time of argument, did not contain the removal papers, nor show facts establishing jurisdiction in the trial court, we entered an order allowing counsel on either side to suggest a diminution of the record, and bring up the removal papers and such other parts of the record as might show jurisdiction. Such a course has been followed.

From the record, so completed, it appears that the action was brought by Alice McClelland, widow of George McClelland, to recover damages for the death of her husband, alleged to have been caused by the negligence of the defendants, who were engaged in highway construction in Caldwell county, Mo. Deceased was an employee of the construction company. The action was commenced in the state court of Caldwell county, Mo. The petition named as defendants the Highway Construction Company, George Stewart, and —— Dunn. It alleged negligence of the company as to the lights and chains on the truck in which McClelland was being carried home from the place of work on the highway at the time of the accident; negligence on the part of Dunn, who was alleged to have been the driver of the truck in which McClelland was riding; negligence on the part of Stewart, superintendent of defendant company, and under whose direction the truck was driven. In due time the defendant company filed its petition and bond for removal to the federal court. The petition alleged, among other things, that plaintiff was a resident and citizen of Missouri; that defendant company was a citizen of Oklahoma; that defendant Stewart was a citizen of Kansas; that defendant Dunn was a citizen of Missouri. It alleged further:

"That the cause of action that the plaintiff herein has brought against your petitioner, on the one hand, and George Stewart and —— Dunn, on the other hand, are separable controversies, in that the only charge of negligence attributed to your petitioner in plaintiff's petition is that your petitioner permitted its truck to become in disrepair, and that your petitioner's truck at the time and place of the alleged accident was driven under the direction of the defendant George Stewart; that there is no charge of negligence against defendant George Stewart, except negligence as a vice principal of your petitioner; that there is no cause of action stated against defendant Dunn in plaintiff's petition, and defendant Dunn is only charged with operation of the truck as an individual, and is not charged with operation of the truck as the vice principal of your petitioner; that the charges of negligence against your petitioner are acts of omission, while the acts of negligence against the other defendants are acts of commission; that there is no charge in the plaintiff's petition that there

was any concerted negligence on the part of the defendants in causing the death of the deceased; that said accident resulted from the negligent construction and condition of a bridge, over which your petitioner had no control.

"Your petitioner further states that the joining of the defendant ———— Dunn with your petitioner was for the fraudulent and sole purpose of defeating the jurisdiction of the United States District Court, and preventing the removal of this cause to said court, in that the accident was caused by reason of the faulty construction and condition of a bridge which collapsed, in that there is no charge that any negligence of your petitioner concurred with any negligence of defendant Dunn in causing the injuries to the deceased, in that your petitioner is only charged with acts of omission, while defendant Dunn is charged with acts of commission, in that there is no cause of action stated in plaintiff's petition against defendant Dunn, and because defendant Dunn was not driving defendant's truck at said time and place."

The petition was verified on information and belief by the attorney for defendant company. An order for removal was made, journal record of which contained the following:

"And the court taking up said petition and duly considering the same, after hearing argument of counsel thereon pro and con, doth find that said petition presents a state of facts, as to the alleged fraudulent joinder of a party defendant, making proper a removal of said cause as therein prayed, for the determination of fact on the making of fraudulent party defendant, which is to be determined by the District Court, and that said cause should be so removed, and the court thereupon approves said bond and orders this cause removed to the District Court of the United States for the Western Division of the Western District of Missouri, and directs the clerk to prepare and transmit to said court a certified transcript of the pleadings, petition for removal, bond, notice, and all records and proceedings herein."

[2, 3] It does not appear from the record that the court below passed upon the questions whether the joinder of Dunn was fraudulent, or as to the existence of separable controversies of plaintiff with defendants Stewart and Dunn, on the one hand, and with defendant company, on the other. It is true that, so far as appears, no motion to remand or plea to the jurisdiction was made, and therefore the allegations of the removal petition are to be taken as true. Dishon v. Cincinnati, N. O. & T. P. Ry. Co., 133 F. 471, 66

C. C. A. 345; Atlanta, K. & N. Ry. Co. v. Southern Ry. Co., 153 F. 122, 82 C. C. A. 256, 11 Ann. Cas. 766. But this state of affairs establishes jurisdiction in the federal court *only* if the fact allegations in the removal petition are sufficient. Ches. & Ohio Ry. v. Cockrell, 232 U. S. 146, 152, 34 S. Ct. 278, 58 L. Ed. 544; Atlanta, K. & N. Ry. Co. v. Southern Ry. Co., supra.

[4, 5] If the cause of action of plaintiff against defendant company, Stewart, and Dunn was joint, then the case was not removable, absent a fraudulent joinder of Dunn; and, if Dunn were eliminated, still the case was not removable, unless Stewart joined in the petition for removal, and this does not appear from the record. C., R. I. & P. Ry. Co. v. Martin, 178 U. S. 245, 248, 20 S. Ct. 854, 44 L. Ed. 1055; International & G. N. R. Co. v. Hoyle, 149 F. 180, 79 C. C. A. 128; Thompson v. C., St. P. & K. C. Ry. Co. (C. C.) 60 F. 773.

If the cause of action of plaintiff against the defendant company was a controversy separable from the cause of action against Stewart and Dunn, or against Stewart alone, and for that reason was removable, then the inquiry arises how it came about that the action was tried as a joint one against defendant company and Stewart, and a joint verdict rendered against both. Removal on the ground of a separable controversy is not a mere gesture.

It is not necessary, however, for this court at this time to pass upon the sufficiency of the allegations of the removal petition in respect to the several matters mentioned. It appears from the record that there were two other defendants, Morgan and Sandusky, in addition to those already mentioned. When these two last-named parties became defendants, how they became defendants, what the citizenship of each was, the record does not disclose, although it does disclose that Sandusky was a resident of Missouri. These defendants remained in the case until it was dismissed as to them by the court in its charge to the jury.

[6-8] The facts appearing in the record are not such that a presumption of jurisdiction should be indulged, as was the case in Barnette v. Wells Fargo Nevada National Bank of San Francisco et al., Mar. 15, 1926, 46 S. Ct. 326, 70 L. Ed. ——. Neither the pleadings nor the record in the case show facts establishing jurisdiction in the federal court. But the elementary rule is that "the facts upon which the jurisdiction of the courts of the United States rests must, in some form, appear in the record of all suits prosecuted before them. To this rule there are no excep-

tions." Ex parte Smith, 94 U. S. 455, 24 L. Ed. 165; Fishback v. Western U. Tel. Co., 161 U. S. 96, 100, 16 S. Ct. 506, 40 L. Ed. 630; Grace v. American Central Ins. Co., 109 U. S. 278, 283, 3 S. Ct. 207, 27 L. Ed. 932; Continental Ins. Co. v. Rhoads, 119 U. S. 237, 239, 7 S. Ct. 193, 30 L. Ed. 380.

It results that the judgment must be reversed, and the case sent back to the court below, with instructions to remand it to the state court, whence it was removed. It is so ordered.

