Dr. W. S. McCLYMONDS et al.,
Plaintiffs,

v.

John W. BRANDLE et al., Defendants.

No. 58 C 502(3).

United States District Court
E. D. Missouri, E. D.

March 17, 1959.

Lashly, Lashly & Miller, St. Louis, Mo., for plaintiffs.

John H. Sutherland, Sutherland Polster & Taylor, St. Louis, Mo., Donald F. Flint, Clayton, Mo., for defendants.

WEBER, District Judge.

This cause presents the same basic issue as presented in Hall v. Bowman, D.C., 171 F.Supp. 454, in which an Opinion has been written and filed this same date.

However, while the basic issue and the law is the same, the facts are dissimilar and the Court shall set forth those facts, but shall reach the same ultimate conclusion.

In this case plaintiff filed his Petition in the Circuit Court of the City of St. Louis to recover damages for unfair competition under the laws of the State of Missouri. After some delay defendant filed a Counterclaim asserting claims under Title 28 U.S.C.A. § 1338 (giving original jurisdiction to federal courts upon patent matters), Title 35 U.S.C.A. § 292 (establishing federal jurisdiction for wrongful use of word "patent" and allowing a penalty recovery), and Title 15 U.S.C.A. § 1 et seq. (Sherman and Clayton Acts, wherein damages may be claimed for unlawful restraint of trade.)

After filing this Counterclaim in the state court, defendants then filed their Removal Petition generally based upon the theory that inasmuch as the state court does not have jurisdiction of matters raised in their counterclaim, federal court jurisdiction can be invoked.

One of the arguments advanced by defendants upon a hearing on Motion to Remand is that they will be hindered in the state court if they cannot assert their Counterclaim.

If the defendants have claims against these plaintiffs which can only be heard in the federal courts, certainly they are not barred from instituting an original suit here; but just as certainly, they are barred from a Removal of a Complaint in a state court, which Complaint on its face does not invoke or establish federal court jurisdiction.

In order to not further burden the record and for the reasons set forth in

Hall v. Bowman, supra, and the cases cited therein, the Court shall sustain the Motion to Remand.

There are other motions pending before this Court, namely, Plaintiffs' Motion to Dismiss the Counterclaims and Defendants' Motion to Strike Plaintiffs' Motion to Dismiss Counterclaims. If this Court does not have jurisdiction to try this lawsuit, it does not have jurisdiction to act upon these motions. Furthermore, they will be matters which can be properly presented to the state Court and therefore there is no need, nor jurisdiction, for this Court to rule thereon. The matter can be handled conclusively as far as this Court is concerned upon sustaining the Motion to Remand and an Order shall be so entered.