171 F.Supp. 454 (1959)
John Fugate HALL, Plaintiff,
v.
Vernon BOWMAN, Defendant.
No. N 59 C 5.
United States District Court E. D. Missouri, N. D.
March 17, 1959.
*455 James Glenn and Richard W. Dahms, Macon, Mo., for plaintiff.
Edwards, Hess & Collins, Macon, Mo., for defendant.
WEBER, District Judge.
This matter is here on removal by the defendant, a resident of the State of Colorado. The matter before the Court at this time is presented upon plaintiff's Motion to Remand on the ground that the Removal Petition was not filed within the time permitted by the provisions of Title 28 U.S.C.A. § 1446(b). The Court has, under its own motion, the further problem of its jurisdiction because of the amount involved by the plaintiff's Petition and the defendant's Counterclaim.
The issues thus presented to the Court in this matter are so well defined and determined by the Federal Courts that an opinion hardly seems necessary. Yet, this Court has had this same situation presented to it four times within the past sixty days and, in reviewing the cases controlling the situation here presented, this Court finds that there has been no published decision from the Eastern District of Missouri, although the Western District has spoken.[1]
As there are some decisions to the contrary (hereinafter cited), it was this Court's conclusion that an Opinion might be advisable in order that counsel may realize that the Eastern District of Missouri is in accord with the holdings in the Western District and not persist in continuing to raise matters which are well defined and decided.
Defendant filed his Removal Petition on February 16, 1959, together with an Answer and a Counterclaim in which defendant seeks judgment against plaintiff in the amount of $12,500. The plaintiff's Petition in the Circuit Court prayed for damages in the amount of $5,000. Plaintiff has filed a Motion to Remand contending that defendant's Removal Petition was not filed in time. Defendant attached a copy of the Notice for Service by Mail showing that process was served on the Secretary of State of Missouri on January 23, 1959. Apparently plaintiff computed the time between January 23 and February 16, which would be twenty-four days.
What plaintiff has overlooked is that defendant has alleged in paragraph 7 of his Removal Petition that the original summons was not served until January 27, 1959. The Petition is verified, the allegation uncontradicted and therefore, the Court must take that allegation as true for the purpose of the Motion.
Title 28 § 1446(b), states that the Removal Petition "shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading * * *, or within twenty days after the service of summons upon the defendant * * *, whichever period is shorter." (Italics supplied.)
The twenty-day period runs, not from the day the Secretary of State may receive the Petition, but from the day the non-resident received a copy of the initial pleading, or the summons, whichever period is shorter. Mahony v. Witt Ice & Gas Co., D.C., 131 F.Supp. 564. Based upon the pleadings before the Court, the defendant did not receive the summons and pleading until January 27, 1959, and therefore the Removal Petition was filed in time.
The question here presented is not remand on the basis of failure to remove in time but, does this Court have jurisdiction of the amount in controversy?[2]
What both parties have overlooked is the fact that the jurisdictional amount is fixed by the plaintiff's Petition. *456 And, if the Court finds at any time that it does not have jurisdiction, it must remand or dismiss the case. Chicago, B. & Q. R. Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521; Highway Const. Co. v. McClelland, 8 Cir., 14 F.2d 406; Barnes v. Parker.[1]
It has long been held that the jurisdictional amount authorizing federal court jurisdiction is fixed by the initial pleading filed. In other words, the plaintiff's Complaint fixes the initial jurisdictional amount and not the defendant's Counterclaim. Haney v. Wilcheck, D.C., 38 F.Supp. 345; Trullinger v. Rosenblum, D.C., 129 F.Supp. 12; St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.
Holdings by the federal courts upon this matter seemed to go unchallenged until many of the states began to amend their rules of civil procedure by requiring compulsory counterclaims. Then litigants seemed to again raise matters of removal by filing of counterclaims which they contended the state compelled them to file. Their reasoning was that if the state compelled the filing of a counterclaim, then the jurisdictional amount of the counterclaim which they might choose to file should be binding upon the federal courts and invoke federal jurisdiction.
Some district courts at first adopted this reasoning. See Wheatley v. Martin, D.C.Ark., 62 F.Supp. 109; Rosenblum v. Trullinger, D.C.Ark., 118 F.Supp. 394; Lange v. Chicago, R. I. & P. R. Co., D.C. Iowa, 99 F.Supp. 1; McLean Trucking Co. v. Carolina Scenic Stages, Inc., D.C. N.C., 95 F.Supp. 437.
However, in Chicago, R. I. & P. R. Co. v. Stude, 1953, 346 U.S. 574, loc. cit. 580, 74 S.Ct. 290, loc. cit. 294, 98 L.Ed. 317, the Supreme Court said, "For the purpose of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege of removal granted by the federal statute."
The Missouri Supreme Court has expressly held that the filing of compulsory counterclaims is a matter of procedure rather than substance. Zickel v. Knell, 357 Mo. 678, 210 S.W.2d 59, 3 A.L.R.2d 1304.
Thus, we are dealing with a compulsory procedural statute of a state which cannot control the question of federal jurisdiction. As Judge Ridge pointed out in Barnes v. Parker, 126 F. Supp. at loc. cit. 651, "To do so would make the removability of an action into the federal court dependent upon the practice with respect to counterclaims in use in the particular state wherein the federal court happened to be sitting and would soon create forty-eight different tests of removability. Each federal court would be called upon to decide whether the particular counterclaims with which it is faced would be described as `compulsory' or `permissive' under the local state practice."
It might also be pointed out that the Arkansas District Court in Ingram v. Sterling, 141 F.Supp. 786, loc. cit. 787, reconsidered and expressly overruled Wheatley v. Martin, supra.
Therefore, the logical and the majority rule is that the question of jurisdictional amount is based upon the plaintiff's Petition or Complaint and jurisdiction cannot be invoked by the filing of a counterclaim in the jurisdictional amount, even though such counterclaim is compulsory under state law.
This Court believes this to be the proper rule and decision for practice in this district and therefore an Order will be prepared remanding this cause sua sponte.
NOTES
[1] Barnes v. Parker, D.C., 126 F.Supp. 649; Mahony v. Witt Ice & Gas Co., D.C., 131 F.Supp. 564.
[2] Title 28 U.S.C.A. § 1331, was amended July 25, 1958, Pub.L. 85-554, § 1, 72 Stat. 415, raising the jurisdictional amount from $3,000 to $10,000.
[1] Barnes v. Parker, D.C., 126 F.Supp. 649; Mahony v. Witt Ice & Gas Co., D.C., 131 F.Supp. 564.