621 F.Supp. 682 (1985)
June PORTIS, Plaintiff,
v.
SEARS, ROEBUCK & CO., et al., Defendants.
No. 85-1468C(6).
United States District Court, E.D. Missouri, E.D.
November 21, 1985.
Eugene H. Fahrenkrog, Jr., St. Louis, Mo., for plaintiff.
Mitchell A. Margo, George E. Schaaf, Guilfoil, Petzall & Shoemake, St. Louis, Mo., for defendants.

ORDER AND MEMORANDUM
GUNN, District Judge.
IT IS HEREBY ORDERED that the motion of plaintiff June Portis to remand the above-styled action to state court be and is granted.
Plaintiff filed her initial complaint in this action in the Circuit Court of the City of St. Louis naming as defendants Sears, Roebuck & Co. (Sears) and John Doe. In paragraph three of the state court complaint, *683 plaintiff identified John Doe as the "manager of the aforesaid retail department store, and ... a resident of the state of Missouri."
On June 25, 1985 defendant Sears filed a petition for removal to this Court on the basis of diversity of citizenship, 28 U.S.C. § 1441. With its petition defendant filed an affidavit of Robert J. Walstad, a citizen of Wisconsin, who was manager of the Sears store in Northwest Plaza, St. Louis at the time of the alleged accident giving rise to plaintiff's complaint.
On October 30, 1985 plaintiff filed her first amended complaint, which substituted Louis Pogereltz, operations manager at the Northwest Plaza Sears at the time of the alleged accident, for the John Doe defendant of her original complaint. The amended complaint does not name Robert Walstad as a defendant. Defendant Pogereltz is now, and has been at all times relevant to this action, a citizen of Missouri. On the grounds that Pogereltz's presence in this action defeats complete diversity of citizenship as mandated by 28 U.S.C. § 1441(b), plaintiff filed simultaneously with her amended complaint a motion to remand the action to state court.
Whether an action filed in state court may properly be removed to federal court is to be determined from the record at the time the petition for removal is filed. Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). When diversity of citizenship is the basis of federal jurisdiction, it must be found to exist both at the time of the initial pleadings and at the time the petition for removal is filed. 8 Wright & Miller Federal Practice & Procedure § 3723 (1985).
In the instant case the question whether complete diversity existed is complicated by the naming of "John Doe" as defendant in the original complaint. Defendant Sears reasonably substituted Robert Walstad as named defendant, since he fit the identification "manager of the aforesaid retail department store" in plaintiff's complaint. Since Walstad is a citizen of Wisconsin, removal would be proper to this Court if he were a defendant to this suit. Plaintiff, however, has just as reasonably countered that Walstad was not the intended "John Doe." In her motion to remand, plaintiff asserts that Pogereltz, as operations manager of the Sears store where the alleged accident took place, "was actually the officer in charge of maintenance, display and other services at the aforesaid store directly involved in the allegations of negligence in the above styled cause." Motion for Remand ¶ 4.
When a complaint asserts no claim of any kind against a John Doe defendant, his presence in the action cannot destroy diversity. See Chism v. National Heritage Life Ins. Co., 637 F.2d 1328 (9th Cir.1981). However, where the negligence of a John Doe servant is alleged, making him a real party in interest in the suit, his citizenship will matter to a determination whether complete diversity exists. Pullman, supra at 537, 59 S.Ct. at 348. Mere allegations of citizenship of an as yet unidentified John Doe will not suffice to prevent removal, Rosack v. Volvo of Am. Corp., 421 F.Supp. 933 (N.D.Cal.1976); Hughes Const. Co. v. Rheem Mfg. Co., 487 F.Supp. 345 (N.D.Miss.1980); but when, as in the instant case, plaintiff substitutes an identifiable defendant of common citizenship with plaintiff against whom actual recovery is sought, the presence of the nondiverse party divests a federal court of jurisdiction, necessitating remand to state court. See Pullman, supra.
A federal court will look to the law of the forum state to determine whether recovery against an agent in his individual capacity is possible in a tort action, Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172 (5th Cir.1968). Missouri law holds that the individual liability of an agent will turn on the extent to which the agent has control over the condition of the premises where he is employed. Peterson v. Brune, 273 S.W.2d 278 (Mo.1954); Pavyer Printing Machine Works v. Southside Roofing Co., 446 S.W.2d 445 (Mo.App.1969). Although *684 defendant Sears has argued that Pogereltz is not an indispensable party to this suit because Sears can adequately defend itself without him, these assertions do not dispose of the issue. Plaintiff could, under forum law, recover from defendant Pogereltz on a certain factual showing. His substitution is, therefore, not clearly a sham to defeat diversity and this Court, which would be bound to remand the action at any point in the proceedings if it became apparent that Pogereltz was a real party in interest, finds that it is appropriate to remand at this point.