**CENTRAL ASSOCIATED CARRIERS, INC., Plaintiff,**

v.

**James A. NICKELBERRY Jr., Mayflower Transit, Inc., and John Doe, Defendants,**

v.

**Carl E. WALKER, Third Party Defendant.**

**No. 98–5002–CV–S–3.**

United States District Court, W.D. Missouri, Southwestern Division.

Feb. 24, 1998.

John G. Schultz, Franke & Schultz, P.C., Kansas City, MO, for Central Associated Carriers, Plaintiff.

Jeffrey S. Thomsen, Evans & Dixon, St. Louis, MO, for James A. Nickelberry, Jr., Mayflower Transit, Inc., John Doe, Defendants.

## ORDER TO REMAND

SMITH, District Judge.

### I. BACKGROUND

Plaintiff, Central Associated Carriers, Inc., ("Central") filed its Petition for Damages on August 11, 1997, and its First Amended Petition for Damages on August 14, 1997, in the Circuit Court of Jasper County, Missouri, at Joplin. Defendants, James A. Nickelberry Jr. ("Nickelberry") and Mayflower Transit, Inc., ("Mayflower") filed an Answer to Plaintiff's First Amended Petition. Defendant Nickelberry also filed a Counterclaim against Plaintiff and a Third Party Petition against Defendant Carl E. Walker ("Walker"). Plaintiff Central and Third Party Defendant Walker filed an answer to Defendant Nickelberry's Counterclaim and Third Party Petition and also filed a Motion to Strike. The first, and only, filing with this Court is the Defendant Nickelberry's Petition of Removal filed on January 20, 1998.

### II. DISCUSSION

The Plaintiff did not file a motion to remand but a lack of federal subject matter jurisdiction may be raised by this Court pursuant to 28 U.S.C. section 1447(c) even if the parties do not. *Berger Levee Dist. v. United States*, 128 F.3d 679, 680 (8th Cir. 1997). The Court has an independent obligation to examine the Petition for Removal to determine if federal jurisdiction exists over the case. *United States v. Hays*, 515 U.S. 737, 742–44, 115 S.Ct. 2431, 2435, 132 L.Ed.2d 635 (1995); *Davis v. Mutual of Omaha Ins. Co.*, 290 F.Supp. 217, 217 (W.D.Mo.1968). "Whether an action filed in state court may properly be removed to federal court is to be determined from the record at the time the petition for removal is filed." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939). Finding a lack of federal jurisdiction over

this case the Court hereby Orders it remanded to the Circuit Court of Jasper County, Missouri, at Joplin for all further proceedings.

## A. Timing of Removal

Defendant Nickelberry filed his Petition of Removal pursuant to 28 U.S.C. section 1446(b) on January 20, 1998. Federal courts have jurisdiction under 28 U.S.C. section 1332 when there is diversity of citizenship between the parties and the amount in controversy exceeds the statutory amount of seventy-five thousand dollars ($75,000). The Petition of Removal includes a statement of diversity of citizenship of the parties and states that the amount in controversy exceeds seventy five thousand dollars ($75,-000.00) because the Defendant/Counterclaimant Nickelberry has prayed for damages in excess of the statutory amount in his Counterclaim and Third Party Petition.

Presumably the Defendants meant to qualify for removal under 28 U .S.C. section 1441 which allows the removal of cases based on diversity of citizenship because the Petition of Removal includes citizenship allegations and does not allege any federal question jurisdiction. The Court recognizes that the Defendants have thirty (30) days from the receipt of Plaintiff's initial complaint to file a petition for removal under 28 U.S.C. section 1446(b). The Court's file does not include the dates of filing of Defendants Answer or Counterclaim or Third Party Petition. Defendant Nickelberry indicates in his Petition of Removal that the Counterclaim and Third Party Petition were served on the Plaintiff on or about December 15, 1997, and because the Counterclaim alleges an amount in controversy exceeding seventy-five thousand dollars ($75,000.00), the federal court has jurisdiction. Section 1446(b) however, indicates that the *Defendants* have thirty (30) days to remove a case after they receive *Plaintiff's* initial pleading or other pleading which purportedly creates federal court jurisdiction (emphasis added). Here, the Defendant has filed a Counterclaim that alleges the amount in controversy, the claimed basis for federal jurisdiction, and the Petition of Removal indicates that Plaintiff was served with the counterclaim on or about December 15, 1997 making their notice for removal timely.

First, the date of service of Defendant's Counterclaim on the Plaintiff does not start the time running pursuant to section 1446(b), but even if it did, the Defendants were still out of time as thirty days from December 15, 1997, would have been January 14, 1998. Defendant's Petition of Removal was filed on January 20, 1998, which would be out of time even presuming Defendant's interpretation of the removal rules were somehow accurate. Second, as this Order indicates in part D of the discussion below, the Defendant cannot create the statutory amount in controversy for federal court jurisdiction based on a counterclaim and so the Defendant has filed an improper petition for removal.

## B. John Doe Defendant

The First Amended Petition for Damages includes three separate Defendants, Nickelberry, Mayflower and John Doe. Plaintiff alleges negligence against John Doe for "operating his motor vehicle so as to cause a subsequent collision between vehicle owned by defendant Mayflower Transit, Inc., and driven by James A. Nickelberry, Jr., and the truck owned by Plaintiff Central Associated Carriers, Inc., and driven by Carl E. Walker." Plaintiff's First Amended Petition, para. 17.

Federal Court only has jurisdiction for diversity purposes if all the parties are diverse. "John Doe is an individual whose address and residence are currently unknown." Plaintiff's First Amended Petition, para. 4. "When diversity of citizenship is the basis of federal jurisdiction, it must be found to exist both at the time of the initial pleadings and at the time the petition for removal is filed." *Portis v. Sears, Roebuck Co.*, 621 F.Supp. 682, 683 (E.D.Mo.1985) (citation omitted). "Whether an action filed in state court may properly be removed to federal court is to be determined from the record at the time the petition for removal is filed." *Portis v. Sears, Roebuck & Co.*, 621 F.Supp. 682, 683 (E.D.Mo.1985) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939)).

The authority is clear on the issue of whether naming a "John Doe" as a party will prevent removal or destroy federal court jur-

isdiction based on diversity of citizenship.[1] The Eighth Circuit specifically addressed the issue in *Pecherski v. General Motors Corp.*, 636 F.2d 1156 (8th Cir.1981). The court said "a Jane Doe case may not be removed until the plaintiff files an amendment in state court substituting the names of real parties and the defendant seeking removal thereafter establishes diversity of citizenship between the plaintiff and all named defendants." *Pecherski*, 636 F.2d at 1160.[2]

This Court also finds authority in *Portis v. Sears, Roebuck & Co.*, 621 F.Supp. 682, 683 (E.D.Mo.1985) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939)). That is, if the Plaintiff "substitute[d] an identifiable defendant of common citizenship with plaintiff against whom actual recovery is sought, the presence of the non-diverse party divests a federal court of jurisdiction." *Portis*, 621 F.Supp. at 683 (citing *Pullman*, 305 U.S. at 537). If the complaint does not assert a claim against a John Doe defendant, federal court jurisdiction based on diversity is not precluded, but if "the negligence of a John Doe servant is alleged, making him a real party in interest in the suit, his citizenship will matter to a determination whether complete diversity exists." *Id.* Therefore, if Plaintiff specifies that John Doe is a citizen of Oklahoma this Court would be divested of jurisdiction. Since the Plaintiff has not yet named John Doe, and the Plaintiff claims the John Doe is negligent, the Court declines to exercise jurisdiction and remands this case to state court.

### C. Improper Joinder

■ Title 28 U.S.C. section 1446(a) indicates that if a defendant or defendants desire to remove a case to federal court they must file in the United States District Court within which the action is pending. All defendants must join in the petition for removal when the cause of action in the complaint asserts joint liability. *Barnes v. Parker*, 126 F.Supp. 649, 650 (W.D.Mo.1954) (citations omitted).

In this case, the removal proceeding was brought in the sole name of Defendant Nickelberry. Because Defendants Mayflower and John Doe were not signatories to the Petition of Removal and they have not filed a motion for joinder, the removal was improper.

### D. Amount in Controversy

■ Additionally, the Court Orders this case remanded because the Defendant has improperly alleged the amount in controversy requirement. Removal jurisdiction based on 28 U.S.C. section 1441 requires an amount in controversy of seventy-five thousand dollars ($75,000.00) in addition to diversity of citizenship. Plaintiff's First Amended Petition contains three separate counts, each of which alleges damages in the amount of Fourteen Thousand One Hundred Seventy–Two dollars and twenty-nine cents ($14,-172.29) for a total of Forty–Two Thousand Five Hundred Sixteen dollars and eighty-seven cents ($42,516.87). "The removing party 'must show that it appears to a legal certainty that the amount in controversy' exceeds $75,000.00." *Corlew v. Denny's Restaurant, Inc.*, 983 F.Supp. 878, 1997 WL 731734 (E.D.Mo.1997) (citing *Visintine v. Saab Auto., A.B.*, 891 F.Supp. 496, 497 (E.D.Mo.1995)). The Defendant, as the removing party, has the burden of proving the jurisdictional amount. *Visintine v. Saab Auto., A.B.*, 891 F.Supp. 496, 497 (E.D.Mo. 1995), Plaintiff's First Amended Petition does not allege an amount in controversy, neither by taking the three counts separately nor together, sufficient to confer jurisdiction on this Court. Therefore, the Plaintiff's Petition does not satisfy the amount in controversy requirement required for federal court diversity jurisdiction.

The Defendant's Petition of Removal does not depend on Plaintiff's alleged damages but instead claims that the Counterclaim satisfies the amount in controversy requirement. The

---

**1.** Some states will allow a plaintiff to name an unknown party as an additional defendant. *See Howell v. Tribune Entertainment Co.*, 106 F.3d 215 (7th Cir.1997) (citations omitted). Also federal question jurisdiction will allow unnamed defendants. *Id.* The exception for diversity jurisdiction is if the defendant is a "nominal" party. *Id.*

**2.** *Pecherski* does indicate that a court can permit removal if the Doe defendant was fraudulent, a nominal party, if the plaintiff dismisses the action against the Doe defendant or the trial commenced without the completion of service of process on the Doe defendant. 636 F.2d at 1160.

Eighth Circuit Court of Appeals has not ruled specifically on this issue but several cases provide persuasive authority to this Court.[3] *See Davis v. Mutual of Omaha Ins. Co.*, 290 F.Supp. 217 (W.D.Mo.1968) (where plaintiff's complaint does not involve the jurisdictional amount, defendant's counterclaim could not supply it); *Hall v. Bowman*, 171 F.Supp. 454 (E.D.Mo.1959) (plaintiff's complaint sets the jurisdictional amount, not the defendant's counterclaim); *McClymonds v. Brandle*, 171 F.Supp. 457 (E.D.Mo.1959) (defendants cannot remove a case from state court to federal court by invoking jurisdiction with a counterclaim); *Roney v. Mutual Benefit Health and Accident Ass'n*, 155 F.Supp. 580 (W.D.Mo.1957) (defendant cannot increase the amount in controversy for removal purposes by a counterclaim); *Barnes v. Parker*, 126 F.Supp. 649 (W.D.Mo.1954) (court determines the amount in controversy for removal purposes solely from plaintiff's complaint); *Lee Foods Div., Consol. Grocers Corp. v. Bucy*, 105 F.Supp. 402 (W.D.Mo. 1952) (plaintiff cannot remove the case to federal court after defendant files a counterclaim meeting the jurisdictional requirement).

While other Circuits have allowed a counterclaim to be calculated into the amount in controversy figure to satisfy jurisdiction, they can be distinguished. Both the Third and Tenth Circuits have allowed counterclaims to be included in the jurisdictional amount to satisfy the amount in controversy requirement. *See Spectacor Management Group v. Brown*, 131 F.3d 120 (3rd Cir.1997) (compulsory counterclaim filed by defendant will satisfy jurisdictional amount if defendant elects not to file a motion to dismiss); *Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.*, 98 F.3d 1241 (10th Cir.1996) (defendant's compulsory counterclaim included in jurisdictional amount). However, in both cases the Plaintiff filed the case in federal court originally and the petition on its face was deficient to satisfy the jurisdictional amount. In *Spectacor*, the defendant filed a counterclaim and at the same time challenged jurisdiction in the answer.[4] In *Brinecell*, the court raised the issue of subject matter jurisdiction for the first time. The courts ultimately ruled that the defendant's counterclaim could be used to calculate the amount in controversy for jurisdiction purposes and so the cases remained in federal court.

This case is different because the Plaintiff did not originally file in federal court and so the Plaintiff's choice of forum has been altered by the Defendant's removal petition. "Federal courts are to strictly construe the amount in controversy requirement of diversity jurisdiction, as the purpose underlying the requirement is to limit the federal courts' diversity caseload." *Corlew v. Denny's Restaurant, Inc.*, 983 F.Supp. 878 (E.D.Mo.1997) (citing *Snyder v. Harris*, 394 U.S. 332, 339, 89 S.Ct. 1053, 1058, 22 L.Ed.2d 319 (1969)); *Visintine*, 891 F.Supp. at 498. The Eighth Circuit in *Hurt v. Dow Chemical Company* found that "diversity jurisdiction in removal cases [is] narrower than if the case were originally filed in federal court by the plaintiff." 963 F.2d 1142, 1145 (8th Cir.1992). The original jurisdiction of the lower federal courts is statutory and "if one of the statutory requirements is not met, the district court has no jurisdiction." *Id.* at 1145.

Also, *Hall v. Bowman*, 171 F.Supp. 454 (E.D.Mo.1959) and *Barnes v. Parker*, 126 F.Supp. 649 (W.D.Mo.1954) are factually identical to the case at hand and both cases

---

3. One Eighth Circuit Court of Appeals case appears to address the issue but declines to rest its decision on the matter. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809 (8th Cir.1969) discusses the "instances where the courts have measured the 'matter in controversy' from the standpoint of the defendant" and says "we, too, have recognized the possibility of utilizing the defendant's risk as a measure of federal jurisdiction." *Id.* (citations omitted) (The cases refer to the "amount or value of that which the complainant claims to recover, or the sum or value of that which the defendant will lose if the complainant succeeds in his suit, that constitutes the jurisdic-

tional amount."), However, the court does not rely on this position for its decision. Additionally, *Hatridge* was not dealing with a removal issue nor a counterclaim but rather the risk of loss to the defendant.

4. Another split of authority exists on whether the counterclaims may be counted for jurisdiction purposes if the defendant objects to jurisdiction in the answer while at the same time filing a counterclaim or if the counterclaims are only included when the defendant files them without objecting to jurisdiction.

**1036**

address the compulsory counterclaim issue. They conclude that because the "Missouri Supreme Court has expressly held that the filing of compulsory counterclaims is a matter of procedure rather than substance," a compulsory procedural statute of a state cannot control the question of federal jurisdiction because "[e]ach federal court would be called upon to decide whether the particular counterclaims with which it is faced would be described as 'compulsory' or 'permissive' under the local state practice." *Hall,* 171 F.Supp. at 456 (citations omitted). "[S]oon, [there would be] forty-eight different tests of removability." *Id.* Thus, the "logical and majority rule is that the question of jurisdictional amount is based upon the plaintiff's Petition or Complaint and jurisdiction cannot be invoked by the filing of a counterclaim in the jurisdictional amount, even though such counterclaim is compulsory under state law." *Id.* Since the Court is convinced this is the wisest approach and the approach consistently followed in the Eighth Circuit, this case is hereby remanded to the state court from which it was originally removed.

### III. CONCLUSION

Defendant Nickelberry has improperly removed this case from the Circuit Court of Jasper County, Missouri at Joplin. Nickelberry did not file for removal in a timely of Jasper County, Missouri at Joplin. Nickelberry did not file for removal in a timely manner pursuant to 28 U.S.C. section 1446(c), did not properly join Defendants Mayflower and John Doe in the Petition of Removal, improperly removed a case with an unnamed John Doe defendant, and improperly alleged the amount in controversy requirement in his counterclaim. Accordingly, this cause of action is hereby remanded to the Circuit Court of Jasper County, Missouri, at Joplin. The Clerk of the Court is directed to mail a certified copy of this Order of Remand to the clerk of the Circuit Court of Jasper County, Missouri, at Joplin as required by 28 U.S.C. section 1447(c).

IT IS SO ORDERED.