Howard v. Antilla                    CV-97-053-M    06/10/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Robert Howard,
      Plaintiff

      v.                                    Civil No. 97-53-M

Susan Antilla and John Doe,
      Defendants


**O R D E R**


Plaintiff, Robert Howard, brings state law tort claims that defendants, Susan Antilla and "John Doe," defamed him and invaded his privacy in a newspaper story that falsely identified him as Howard Finkelstein who had been convicted of securities fraud. Defendant Antilla moves to dismiss Howard's suit for lack of personal jurisdiction, or, alternatively, to transfer the case to the southern district of New York. Upon review of the file in connection with defendant's motion, the court has noted an issue of subject matter jurisdiction that must be resolved before defendant's motion may be considered. See In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988).

Plaintiff bears the burden of establishing this court's subject matter jurisdiction. Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996). In his complaint, plaintiff asserts subject matter jurisdiction based on the parties' diverse citizenship. 28 U.S.C.A. § 1332. He says that he is a citizen

of the United States and that his "domicile" is in New York, making him a citizen of New York for purposes of diversity jurisdiction.  See Robertson v. Cease, 97 U.S. 649, 648-49 (1878); Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996).  "John Doe" is described in the complaint as "one or more persons or organizations that are the undisclosed source for the articles that appeared in the New York Times concerning Robert Howard.  It is believed that they are in fact short sellers whose intent was to drive down the price of stock in Presstek, Inc. for financial gain."  The citizenship of the "John Doe" defendant is not established in the complaint, or sufficiently described to limit citizenship to a particular state, leaving open the possibility that one or more unidentified "John Doe" defendants may be New York citizens, which would destroy complete diversity of the parties and deprive the court of subject matter jurisdiction.

The practice of naming "John Doe" defendants in a diversity suit filed in federal court without identifying their citizenship obviously raises subject matter jurisdiction issues.  Most courts do not allow the practice.  See, e.g., Howell by Goerdt v. Tribune Entertainment Co., 106 F.3d 215, 218 (7th Cir. 1997); Central Assoc. Carriers, Inc. v. Nickelberry, No. 98-5002-CV-S-3, 1998 WL 89660 *2 (W.D. Mo. Feb. 24, 1998).  The "John Doe" defendant in this case sufficiently undermines the basis for

2

diversity jurisdiction to make it improvident for the court to consider defendant's pending motion before subject matter jurisdiction is properly established.

To maintain his suit in this court, therefore, plaintiff must amend his complaint either to dismiss the "John Doe" defendant from the case or to identify the "John Doe" defendant with a sufficient allegation of citizenship to permit the exercise of subject matter jurisdiction in federal court. See Fed. R. Civ. P. 8. Plaintiff shall file an amended complaint within thirty days of the date of this order, or file an appropriate pleading for dismissal without prejudice. Failure to comply with the terms of this order shall result in dismissal of the case pursuant to Federal Rule of Civil Procedure 12(h)(3).


**SO ORDERED.**


                                     _____
                                     Steven J. McAuliffe
                                     United States District Judge

June 10, 1998

cc: Charles G. Douglas, III, Esq.
      Peter W. Mosseau, Esq.