## (April 24, 1984)

■ NORINA MOSKOWITZ, Respondent-Appellant, v MASSACHUSETTS INSTITUTE OF TECHNOLOGY et al., Defendants, and BURNS INTERNATIONAL SECURITY SYSTEMS, INC., Appellant-Respondent. — Judgment, Supreme Court, New York County (John G. Dier, J.), entered on January 6, 1983, is modified, on the law and the facts, to the extent of reversing the judgment in favor of plaintiff and a new trial ordered solely on the issue of damages awarded to the plaintiff and otherwise affirmed, without costs, unless said plaintiff, within 20 days after service upon her attorney of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict as to the total amount of plaintiff's damages to $5,000,000, said amount to be decreased by the 32% attributable to plaintiff's negligence and apportioned among the defendants, all as found by the jury, and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment as so amended and reduced is affirmed, without costs. ¶ After review of the record, we find the judgment to have been excessive to the extent indicated. Concur — Murphy, P. J., Ross and Silverman, JJ. Alexander and Fein, JJ., dissent, each in a separate memorandum, as follows:

Alexander, J. (dissenting). I find no warrant for the drastic reduction of the jury's verdict made by the majority. The uncontradicted testimony shows that this plaintiff, who has already undergone over 100 skin graft and other operations in an effort to repair the unspeakable damage suffered when she was doused with nearly a full litre of sulphuric acid, and who apparently will require over 500 more operations over her 79-year life expectancy, which at best will only prevent her terrible deformity from worsening and hopefully prevent her total blindness, will incur future medical expenses and related costs of over $700,000 and sustain a loss of future earnings of nearly $3,000,000, both computed based on present-day dollars. ¶ And while the jury's $10,300,000 verdict (reduced by plaintiff's 32% contributory negligence) may be unprecedented so too are her injuries and damages. ¶ Accordingly, I would affirm the judgment below.

Fein, J. (dissenting). I concur with Justice Alexander. I would add only that I find no basis for the majority's determination that the judgment was excessive to the extent that it exceeded $5,000,000. A reduction to any intermediate figure between $5,000,000 and the award made by the jury might be premised upon the same basis and with equal justification. ¶ The terrible injuries

sustained by this plaintiff and the bleak future she faces, as outlined in Justice Alexander's dissent, demonstrate that any quantification is subject to question. In such circumstances, I believe it is appropriate to rely upon the jury's judgment.