SUSAN G. SIMON, Appellant-Respondent v SEARS, ROE-BUCK & COMPANY, INC., et al., Respondents-Appellants.

The plaintiff suffered the loss of her left eye following an automobile accident in which the defendants were found to be 95% at fault in the happening of the accident. At trial, the plaintiff presented evidence as to the excruciating pain she endured at the time of the accident, the futile attempts to save the eye, and the necessity of further surgery. The record also reveals that the plaintiff was able to resume her career as a registered nurse some three months after her initial hospitalization. Except for an absence occasioned by the necessity for follow-up surgery, the plaintiff has worked continuously. She has performed her job properly as evinced by her receipt of several wage increases. The plaintiff has also, subsequent to her accident, taken college courses preparatory to a degree in elementary education. She is licensed to drive a car and continues to do so. The testimony of the plaintiff's treating physician was to the effect that the results of all surgical procedures performed were favorable with no untoward results and the postoperative course of treatment was described as "uneventful". With respect to the injuries sustained in the accident, her physician described her as being "genuinely in good health". In sum, the record reveals the plaintiff to be a productive member of society who has made an excellent

adjustment to her injuries. Under the circumstances, the trial court was justified in reducing the amount of the damages awarded from $6,000,000 inasmuch as said amount was patently excessive (see, e.g., Moskowitz v Massachusetts Inst. of Technology, 100 AD2d 810).

We disagree, however, with defendants' contention that the reduced figure of the net principal sum of $1,000,000 was also excessive. By way of a guideline, this court, in the recent case of Alferoff v Casagrande, 122 AD2d 183), upheld an award of $650,000 for pain and suffering on behalf of a girl who sustained the loss of vision of her left eye. The plaintiff therein neither required surgery nor suffered cosmetic damage. In view of the increased severity of the injury involved in the instant case, the award of the net sum of $1,000,000 was not so excessive as to shock the conscience of the court. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.