■ STAFFORD A. DAVIS, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 12, 1989, which granted defendant's motion to set aside the verdict after a jury trial, to the extent of reducing, *inter alia,* the jury award for future pain and suffering from $500,000 to $200,000, unanimously reversed, insofar as appealed from, on the law and facts, without costs, and the matter remitted for entry of judgment.

In this personal injury action, plaintiff sustained the loss of his left eye when he was shot with a BB gun at the age of 13. As limited by the appeal, the sole issue before us is whether the trial court abused its discretion in reducing the jury award for future pain and suffering from $500,000 to $200,000.

Upon examination of the record, we conclude that the sum awarded to plaintiff, who has a life expectancy of an additional 49 years, is not one which "deviates materially from what would be reasonable compensation". (CPLR 5501 [c].)

Among the factors relevant to this determination are plaintiff's permanent condition of blindness in one eye, which deprives him of depth perception and left peripheral vision, and thus makes it difficult or impossible to engage in such activities as driving or playing sports; his continued and frequent severe headaches; and the pain, discomfort and humiliation of the disfigurement, as well as that occasioned by having to remove and clean the prosthesis—which cannot be properly fitted and gives him a "Pop-eyed" look—at least two or three times a day. We have also considered the fact that the pellet which caused the loss of plaintiff's eye is still lodged against his optic nerve, and the unrefuted medical testimony that plaintiff is likely to require further operations and refittings for replacement prostheses over the course of his entire lifetime. Concur—Sullivan, J. P., Ross, Asch, Kassal and Smith, JJ.