■ THEODORE CRAWFORD, Respondent, v JIMMIE L. WILLIAMS et al., Respondents. JIMMIE L. WILLIAMS et al., Third-Party Plaintiffs-Respondents, v CITY OF NEW YORK, Third-Party Defendant-Respondent. CITY OF NEW YORK, Third-Party Plaintiff-Respondent, v B.C. ENTERPRISES, INC., Third-Party Defendant-Appellant. JIMMIE L. WILLIAMS et al., Second Third-Party Plaintiffs-Respondents, v B.C. ENTERPRISES, INC., Second Third-Party Defendant-Appellant. [603 NYS2d 456] —Judgment, Supreme Court, Bronx County (Anita Florio, J.), entered July 28, 1992, upon a verdict apportioning culpability 80% as against third-party defendant-appellant and 20% as against plaintiff, and finding damages of, inter alia, $750,000 for past pain and suffering and $250,000 for future pain and suffering, in favor of plaintiff and against third-party defendant-appellant in the amount of $1,200,000 exclusive of interest, costs and disbursements, unanimously affirmed, with costs.

Evidence at trial that appellant, plaintiff's employer, directed plaintiff to do demolition work without safety glasses was sufficient to show a violation of Labor Law § 241 (6) (12 NYCRR 23-1.8 [a]). There is no merit to appellant's contention that Labor Law § 241 (6), which imposes a nondelegable duty on owners of demolition sites to provide a safe place of employment, does not apply to out-of-possession owners, such as defendants, who exercise no control or supervision over the work, that plaintiff therefore had no claim against defendant

owners, and that defendant owners therefore could have no third-party claim against appellant *(Celestine v City of New York,* 59 NY2d 938, *affg* 86 AD2d 592; *see also, Kerr v Rochester Gas & Elec. Corp.,* 113 AD2d 412, 416; *Pouso v City of New York,* 177 AD2d 560, 562). Nor is there merit to appellant's contention that the damages awarded for past and future pain and suffering are excessive, given the evidence that plaintiff was permanently blinded in one eye, suffers constant physical pain, suffered excruciating pain at the time of the accident, has required repeated hospitalizations, was disfigured by the injury, lost his job and is unemployable, and has endured substantial emotional pain including a loss of self-esteem and a diminished social life *(compare, Simon v Sears, Roebuck & Co.,* 124 AD2d 655, 656 [2d Dept 1986], citing *Alferoff v Casagrande,* 122 AD2d 183).

We have considered appellant's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.