■ Arlene Donovan et al., Appellants, v S & L Concrete Construction Corp., Inc., et al., Defendants and Third-Party Plaintiffs-Respondents. Lady Liberty Construction, Inc., Third-Party Defendant-Respondent. [650 NYS2d 795] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 17, 1995, as granted those branches of the motion of the defendant S & L Concrete Construction Corp., Inc., and the cross motion of the defendant Ralph DiPietto Construction Corp. which were to dismiss the plaintiffs' causes of action based on Labor Law § 240 (1) and § 241 (6).

Ordered that the order is modified, on the law, by deleting the provision thereof which granted those branches of the motion and cross motion which were for summary judgment dismissing the plaintiffs' cause of action under Labor Law § 241 (6) and substituting therefor a provision denying those branches of the motion and cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The plaintiffs' deceased, Edward Donovan, was injured when he struck his head on a ceiling beam while working on a scaffold. The plaintiffs commenced this action to recover damages, *inter alia,* under Labor Law § 241 (6) and § 240 (1). The plaintiffs contend that the Supreme Court improperly dismissed these causes of action.

In order to raise a triable issue as to a violation of Labor Law § 241 (6), the plaintiffs must show that the defendants violated a provision of the Industrial Code containing "concrete

specifications" with which the defendant must comply *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). The regulatory provision cited by the plaintiffs, 12 NYCRR 23-1.8 (c), contains "concrete specifications" and, therefore, raises a triable issue of fact as to whether the defendants complied with that regulation or Labor Law § 241 (b) *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra; Crawford v Williams,* 198 AD2d 48; *cf., Gordineer v County of Orange,* 205 AD2d 584).

The plaintiffs' remaining contention is without merit as the deceased did not suffer an injury contemplated by Labor Law § 240 (1) *(see, Charles v City of New York,* 227 AD2d 429; *Bonaparte v Niagara Mohawk Power Co.,* 188 AD2d 853).

The matter is remitted to the Supreme Court, Suffolk County, for determination of that branch of DiPietto's cross motion which was to preclude pretrial discovery. The issue was not addressed by the Supreme Court, having been found "moot" upon dismissal of the complaint. Goldstein, J. P., Bracken, Florio and McGinity, JJ., concur.