983 F.Supp. 878 (1997)
Shirley CORLEW, Plaintiff,
v.
DENNY'S RESTAURANT, INC., Defendant.
No. 4:97-CV-2083 CAS.
United States District Court, E.D. Missouri, Eastern Division.
November 18, 1997.
Gary A. Growe, Clayton, MO, for Plaintiff.
Robert G. Pennell, Eric E. Meyer, Landau and Omahana, Clayton, MO, for Defendant.

ORDER OF REMAND
SHAW, District Judge.
This diversity matter is once again before the Court on plaintiff's Motion to Remand. Defendant opposes the motion. For the following reasons, the Court concludes that plaintiff's motion must be granted.
Background. Plaintiff filed this action in the Circuit Court of the City of St. Louis, Missouri on November 1, 1996. Defendant removed the case to this Court pursuant to *879 28 U.S.C. §§ 1332 and 1441, and it was filed as Case No. 4:96-CV-2399 CAS. Plaintiff filed a motion to remand accompanied by the affidavit of her counsel which stated, inter alia, that plaintiff did not seek damages in excess of $50,000.00, the then-jurisdictional limit. Based on plaintiff's stipulation that she sought an amount less than $50,000.00, defendant filed a motion to dismiss its petition for removal. Plaintiff's motion to remand was granted by order dated January 14, 1997. On October 14, 1997, defendant again removed the action to this Court, after having received a letter from plaintiff's counsel offering to settle the case for the sum of $75,000.00.
Discussion. Plaintiff moves to remand, asserting that this Court lacks subject matter jurisdiction over the case because (i) there is a non-diverse third-party defendant in the case, and therefore complete diversity of citizenship does not exist; and (ii) plaintiff has not sought recovery in excess of $75,000.00, and therefore the jurisdictional amount is not met. Plaintiff also asserts "there had been a prior agreement/stipulation that plaintiff would not seek compensation in excess of the diversity jurisdictional limit." (Pl's. Mem. in Supp. at 3.)
Defendant responds that the citizenship of third-party defendants is not considered in determining whether complete diversity exists, and therefore the Court may exercise supplemental jurisdiction over the third-party claim. 28 U.S.C. § 1367. With regard to the amount in controversy, defendant refers to the affidavit filed by plaintiff's counsel in Case No. 4:96-CV-2399 which stated, "Plaintiff does not seek compensation in excess of $50,000.00 for the bodily injuries she sustained...." Defendant asserts that it removed the case again "based upon the reasonable belief that if plaintiff [now] evaluates this case at $75,000.00 for settlement purposes, then the amount in controversy is some figure greater should the matter be taken to a verdict." (Def.'s Mem. of Law at 4-5.) Defendant also states,
Based upon plaintiff's prior conduct in making a settlement demand of $75,000.00 after having previously filed a post-removal Affidavit asserting that the amount in controversy did not exceed $50,000.00, this Court should disregard Plaintiff's post-removal efforts to discount the value of her case in an effort to deprive this Defendant of its right to have this matter litigated in this forum.
(Def.'s Opp. at 2.)
The Court agrees with defendant that citizenship of the third-party defendant is not considered in determining whether diversity of citizenship exists. See 3 J. Moore, et al., Moore's Federal Practice ¶ 14.26, at 14-116 (2d ed. 1996) ("The fact that [plaintiff] and [third-party defendant] may be co-citizens is completely irrelevant.") Accordingly, the requisite diversity of citizenship is present in this case.
The Court concludes, however, that defendant as the removing party is unable to meet its burden with regard to the jurisdictional amount. The removing party "must show that it appears to a `legal certainty' that the amount in controversy" exceeds $75,000.00. Visintine v. Saab Auto., A.B., 891 F.Supp. 496, 497 (E.D.Mo.1995) (addressing the former $50,000.00 jurisdictional amount). Federal courts are to strictly construe the amount in controversy requirement of diversity jurisdiction, as the purpose underlying the requirement is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339, 89 S.Ct. 1053, 1058, 22 L.Ed.2d 319 (1969); Visintine, 891 F.Supp. at 498.
The Court recognizes that defendant, with some justification, is frustrated by plaintiff's careful limitation of her claim to the jurisdictional limit, as amended and as it previously existed.[1] Defendant's removal is based solely on plaintiff's settlement demand of $75,000.00. This is insufficient to establish *880 the jurisdictional amount for two reasons. First, the mere existence of a settlement demand is not dispositive of the issue of the jurisdictional amount. See, e.g., King v. Wal-Mart Stores, Inc., 940 F.Supp. 213, 217 n. 1 (S.D.Ind.1996); Saunders v. Rider, 805 F.Supp. 17, 18-19 (E.D.La.1992).
Second, for diversity jurisdiction to attach, the amount in controversy must exceed the value of $75,000.00. 28 U.S.C. § 1332(a); see Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994) (holding under former jurisdictional limit that diversity jurisdiction did not exist where plaintiff sought damages of exactly $50,000.00). Assuming arguendo that plaintiff's case is worth $75,000.00, the jurisdictional requirement is not met because the sum does not exceed $75,000.00. Further, because the Court must strictly construe the amount in controversy requirement of diversity jurisdiction, it is not free to disbelieve plaintiff's valuation of her case, even under the circumstances presented.
Conclusion. For these reasons, the Court again concludes that it lacks subject matter jurisdiction over this matter. Plaintiff's motion to remand should be granted, and her motion to dismiss the petition for removal should be denied as moot.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to remand is GRANTED. [Doc. 6-2]
IT IS FURTHER ORDERED that plaintiff's motion to dismiss the petition for removal is DENIED as moot. [Doc. 6-1]
IT IS FINALLY ORDERED that this matter is REMANDED to the Circuit Court of the City of St. Louis, Missouri.
NOTES
[1] The Court notes with some concern the discrepancy between the affidavit of plaintiff's counsel previously filed with this Court, which limited plaintiff's claims to $50,000.00, and counsel's present assertion that plaintiff stipulated or agreed to limit her claims to the jurisdictional amount, which fortuitously happened to increase during the pendency of this lawsuit. Because the Court concludes that it lacks subject matter jurisdiction, it does not pursue the issue of counsel's conduct further.