**Joseph C. DYRDA, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. 98 Civ. 2248 (DDA/AJB).**

United States District Court, D. Minnesota.

Jan. 15, 1999.

Owen R. Humphreys, Herbert, Welch, Humphreys & Grindberg, Forest Lake, MN, for plaintiff.

Andrew L. Marshall, Bassford, Lockhart, Truesdell & Briggs, Minneapolis, MN, for defendant.

## ORDER

ALSOP, Senior District Judge.

The above matter is before the Court upon the Report and Recommendation of Magistrate Judge Arthur J. Boylan dated November 20, 1998. The magistrate judge recommends that plaintiff's motion to remand this action to the District Court of Washington County, Minnesota be granted. The defendant has filed timely objection to the report and recommendation.

■ The initial inquiry is whether the Court is to review the magistrate judge's recommendation on a "clearly erroneous or contrary to law" standard (28 U.S.C. § 636(b)(1)(A)) or instead is "to make a de novo determination of those portions of the report" to which objection has been made. 28 U.S.C. § 636(b)(1)(C). A judge may designate a magistrate judge to hear and determine any pretrial matters pending before the Court with certain specified exceptions 28 U.S.C. § 636(b)(1)(A). A motion to remand is not included within the exceptions specified. Under § 636(b)(1)(A) a magistrate judge may issue his or her order on such a pretrial matter and the district judge's reconsideration of it is under the "clearly erroneous or contrary to law" standard.

■ Judge David S. Doty of this Court has thoughtfully reviewed the status of a motion to remand within this framework and concluded that "a motion to remand is a non-dispositive matter that a magistrate judge can determine pursuant to 28 U.S.C. § 636(b)(1)(A)" and thus should be reviewed by the district judge under the clearly erroneous or contrary to law standard. *See Banbury v. Omnitrition Intern., Inc.* 818 F.Supp. 276, 279 (D.Minn. 1993).

■ Although this judge concurs with Judge Doty's analysis and conclusion, in this instance the magistrate judge resolved the issue by way of report and recommendation. In that report the magistrate judge referenced Local Rule 72.1(c)(2) which provides for de novo review. Under these circumstances, the Court deems it appropriate to make a de novo determination of the issue presented.

In his report the magistrate judge has succinctly outlined the facts bearing on the issue of whether or not remand is appropriate. The salient facts may be summarized as follows:

1. The action is one for personal injuries alleged to have occurred on January 25, 1997, when the plaintiff slipped and fell on an icy surface in the parking lot of the defendant's Wal–Mart Store, Inc. in Forest Lake, Minnesota.

2. On June 25, 1998, plaintiff proffered a settlement demand with defendant's insurer of $43,000.00.

3. In September of 1998 plaintiff commenced an action against the defendant for damages in the District Court of Washington County, Minnesota.

4. Plaintiff's complaint did not allege a specific amount of damages, but contained a prayer for relief in excess of $50,000.00 in compliance with Minnesota Pleading Law.

5. Minnesota's Pleading Law provides as follows:

If a recovery of money for unliquidated damages in an amount greater than $50,000.00 is demanded, the pleading shall state merely that recovery of reasonable damages in an amount greater than $50,000.00 is sought.

48 M.S.A.Rules of Civil Procedure Rule 8.01.

6. On October 13, 1998, defendant filed a petition for removal of the action to this Court pursuant to 28 U.S.C. § 1441 based on the diversity of citizenship of the parties.

7. There are no procedural defects in the removal.

8. There is complete diversity between the plaintiff and the defendant.

9. On October 28, 1998, plaintiff filed a motion for remand to Washington County District Court for lack of subject matter jurisdiction.

10. To establish its position that the amount in controversy is in excess of $75,000.00, defendant refers the Court to the original complaint delineating the nature and extent of the claimed damages.

11. Defendant has offered evidence that verdicts and settlements in other cases where plaintiffs have suffered injuries similar to those of the plaintiff, were valued by the parties and juries at over $75,000.00.

12. At the hearing on the motion before the magistrate judge, plaintiff's counsel, in open court, stipulated that any damage award shall not equal or exceed $75,000.00.

### LEGAL PRINCIPLES REGARDING REMAND

1. The party asserting federal jurisdiction has the burden of proof to show that the required amount in controversy is met. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir.1969). In this instance that burden is upon the defendant.

2. Where the complaint states a specific amount lower than the required jurisdictional amount, a defendant seeking removal "must show that it appears to a legal certainty that the amount in controversy" exceeds $75,000.00. *Corlew v. Denny's Restaurant, Inc.,* 983 F.Supp. 878, 879 (E.D.Mo.1997); *Central Associated Carriers, Inc. v. Nickelberry,* 995 F.Supp. 1031, 1033 (W.D.Mo.1998).

3. The "legal certainty" test is not applicable where a plaintiff does not allege a specific jurisdictional amount in the complaint. *McCorkindale v. American Home Assur. Co.,* 909 F.Supp. 646, 651 (N.D.Iowa 1995).

4. "The jurisdictional facts must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Gilmer v. Walt Disney Co.,* 915 F.Supp. 1001, 1007 (W.D.Ark.1996)

### DISCUSSION

The problem confronted by the magistrate judge and now by this Court on appeal, is to reconcile these standards when a plaintiff is required by Minnesota Pleading Law to seek recovery only in an amount "greater than $50,000.00." The magistrate judge concluded that in that instance a plaintiff's stipulation to limit damages below the jurisdictional requisite of $75,000.00 must prevail. The magistrate judge points out that the plaintiff does not seek to reduce the original amount sought or to change the circumstances after the filing of the complaint but seeks only to clarify the amount of damages beyond what he is allowed to claim by Minnesota Pleading Law. This Court is satisfied that that conclusion is proper under the circumstances presented.

### CONCLUSION

When a plaintiff's complaint in a case filed in state court alleges damages pursuant to 48 M.S.A.Rules of Civil Procedure Rule 8.01 "in an amount greater than $50,000.00" and thereafter stipulates to a recovery less than the jurisdictional amount of $75,000.00, that stipulation will govern and the case will be remanded.

Upon the foregoing,

**IT IS ORDERED** that the magistrate judge's Report and Recommendation is accepted and the plaintiff's motion to remand to the District Court of Washington County is GRANTED. The Clerk shall return the file in this case to the Clerk of the District Court of Washington County, Minnesota, ten (10) days following the date of this Order.

## REPORT AND RECOMMENDATION

BOYLAN, United States Magistrate Judge.

THIS MATTER came before the undersigned United States Magistrate Judge on November 17, 1998, for a hearing on Plaintiff's motion to remand to Washington County District Court. [Docket No. 6]. Owen R. Humphreys, Esq., appeared on behalf of Plaintiff Joseph C. Dyrda. Andrew L. Marshall, Esq., appeared on behalf of Defendant Wal–Mart Stores, Inc.

Based on the file and documents contained therein, and the arguments of counsel, the Court makes the following report and recommendations:

### FACTS

Plaintiff alleges that on January 25, 1997, he slipped, fell, and was injured on an icy surface in the parking lot of Defendant Wal–Mart Store, Inc. located in Forest Lake, Minnesota. He alleges that his injuries required medical care, and resulted in medical expenses, loss of earnings and capacity to earn, physical pain, mental distress and permanent injury. On June 25, 1998, Plaintiff proffered a settlement demand with Defendant's insurer for $43,-000. In September 1998, Plaintiff served a complaint on Defendant seeking damages for personal injuries. The complaint did not allege a specific amount of damages but contained a prayer for relief in excess of $50,000, in compliance with Minnesota pleading law.[1] On October 13, 1998, Defendant filed a petition for removal to federal court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction as illustrated in 28 U.S.C. § 1332. Plaintiff has brought a motion for remand to Washington County District Court for lack of subject matter jurisdiction.

## Discussion

Plaintiff contends that, even assuming diversity of parties,[2] Defendant has failed to establish the amount in controversy exceeds $75,000. Plaintiff argues that in June 1998, he valued his injuries at $43,-000, as evidenced by his settlement demand. Plaintiff argues that while his complaint sought damages in excess of $50,000, at no time did he assert that damages would exceed $75,000. Upon hearing of Plaintiff's motion to remand on November 17, 1998, Plaintiff agreed to stipulate to damages less than $75,000.

Defendant contends, and offers support for a reasonable probability that Plaintiff's damages exceed $75,000. Defendant further argues that Plaintiff's proposed stipulation to damages less than $75,000 is not dispositive.

■■■ Any civil action brought in state court where the United States District Courts have original jurisdiction may be removed by the defendant to the appropriate federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists in the district courts in all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. 28 U.S.C. § 1332. Once a case has been removed to federal court, a motion to remand to state court may be brought on the basis of any defect in the removal procedure. 28 U.S.C. § 1447(c). If it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). The court's removal jurisdiction must be strictly construed and all doubts must be resolved in favor of remand. *McCorkindale v. American Home Assur. Co./A.I.C.*, 909 F.Supp. 646, 650 (N.D.Iowa 1995).

---

1. The Minnesota pleading law states, "If a recovery of money for unliquidated damages in an amount greater than $50,000 is demanded, the pleading shall state merely that recovery of reasonable damages in an amount greater than $50,000 is sought." 48 M.S.A., Rules of Civ.Proc., Rule 8.01.

2. Defendant Wal–Mart is a foreign corporation, incorporated in the State of Delaware, with its principal place of business in Bentonville, Arkansas. Plaintiff is a resident of Minnesota.

 The party asserting federal jurisdiction has the burden of proof to show that the required amount in controversy is met. *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809, 814 (8th Cir. 1969). When there is a claim on the face of the original complaint for an amount in excess of the jurisdictional amount, the claim must be overcome to a "legal certainty" to defeat removal. *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). However, the legal certainty rule does not apply when the plaintiff's complaint does not allege a specific amount. *McCorkindale*, 909 F.Supp. at 652. When the complaint does not allege a specific amount, the removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional amount. *Id.; Gilmer v. Walt Disney Co.*, 915 F.Supp. 1001, 1007 (W.D.Ark. 1996). "The jurisdictional facts must be judged at the time of the removal, and any post petition affidavits are allowable only if relevant to that period of time." *Gilmer*, 915 F.Supp. at 1007 (*quoting Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335).

To meet its burden of proving by a preponderance of the evidence that the amount in controversy in this case is in excess of $75,000, Defendant points to the original complaint. The complaint claims that Plaintiff sustained a separated shoulder, resulting in severe and permanent injury. As a result, Plaintiff claims he has incurred medical expenses and will incur future medical expenses. He alleges to have sustained lost wages and a loss of future earning capacity. He alleges that he has suffered and will continue to suffer physical and mental pain. One of Plaintiff's treating physicians indicates that Plaintiff may need surgery in the future, which would cost between $9,300 and $12,300. Defendant points out that Plaintiff alleged damages in excess of $50,000 in his complaint. Defendant researched, and offered evidence that verdicts and settlements in other cases where plaintiffs have suffered similar injuries and damages were valued by parties and juries at over $75,000.

Defendant speculates that the damages in this case may exceed $75,000, the jurisdictional requirement. Even assuming that Defendant has established by a preponderance of the evidence that the jurisdictional amount in controversy is met, Plaintiff is willing to stipulate that the damages are $75,000 or less. Defendant objects to allowance of the stipulation.

Defendant, relying on *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809 (8th Cir.1969), argues that Plaintiff's attempt to limit the damage claim after the lawsuit has been filed is not dispositive. The *Hatridge* Case is distinguishable from this case in several ways. First, the Minnesota pleading law at issue in this case, which requires that a complaint seeking damages in excess of $50,000 must not allege a specific amount but merely state that damages are in excess of $50,000, was not in effect in 1969 when the *Hatridge* case was decided. The Plaintiff in *Hatridge* attempted to sever two claims to plead less than the jurisdictional amount in her complaint. *Hatridge*, 415 F.2d 809, 816 (8th Cir.1969). In this case, Plaintiff was forced by Minnesota law not to specify a more precise amount of damages. The difficulty in this case that did not exist in the *Hatridge* case is that Plaintiff is forced to plead damages in excess of $50,000 but is prevented from specifically pleading an amount in excess of $75,000, to meet the jurisdictional amount in controversy. In fact, Plaintiff is prevented by Minnesota pleading law from pleading an amount more than $50,000 but less than $75,000 in the complaint.

Another factor distinguishes this case from *Hatridge*. The *Hatridge* Court was concerned that Plaintiff's attempt to sever her claims, thus allowing her to claim damages less than the jurisdictional amount in controversy for federal diversity jurisdiction, was an attempt to forum shop, in hopes that a different result in state court

would nullify adverse federal precedent in a related case. *Hatridge,* 415 F.2d at 816. The difficulty in this case arises not from an obvious attempt by the Plaintiff to forum shop, but from a discrepancy that arises from the Minnesota pleading law that disallows a claim for damages in a specific amount over $50,000, and a $75,000 jurisdictional requirement to remove to federal court based on diversity jurisdiction. Therefore, the holding in *Hatridge,* that Plaintiff's attempt to sever her claims and request damages in an amount less than the jurisdictional requirement for federal diversity jurisdiction did not preclude removal to federal court, is not controlling in this case.

Defendant argues that post petition affidavits are only allowable if relevant to the time of removal. At the time of removal in this case, Plaintiff had alleged damages in excess of $50,000 but was prevented from pleading specific damages by Minnesota law. A post petition affidavit is relevant to clear up the ambiguity in the amount of damages that were alleged at the time of removal.

In cases where the complaint fails to specify an amount of damages, courts must balance federalism concerns, respect plaintiff's forum choice, and follow Congress' intent to control diversity caseloads. *Gilmer,* 915 F.Supp. 1001, 1006 (*quoting Gilman v. Wheat, First Securities Inc.,* 896 F.Supp. 507 (D.Md.1995)). "The important issue of whether a federal court has jurisdiction over a lawsuit on the basis of the amount in controversy should be decided on the basis of substance not gamesmanship." *Bolling v. Union Nat. Life Ins. Co.,* 900 F.Supp. 400, 405 (M.D.Ala.1995). Diversity jurisdiction and the right of removal under 28 U.S.C. § 1441 were created for the purpose of protecting nonresident litigants from local prejudice. *Lane v. Champion Intern. Corp.,* 844 F.Supp. 724, 731 (S.D.Ala.1994) (*quoting Grassi v. Ciba-Geigy, Ltd.,* 894 F.2d 181, 185 (5th Cir.1990)).

In this case, Plaintiff is a Minnesota resident who was allegedly injured in a parking lot of a Wal-Mart Store located in Minnesota. It is unlikely that Wal-Mart, the nonresident litigant in this case, will suffer from the type of local prejudice that removal and diversity jurisdiction were created to protect against. Defendant speculates, based on the type of injury, the complaint, and comparison with other cases, that there is a reasonable probability that damages in this case exceed $75,-000. Yet, Plaintiff offers to stipulate that damages are $75,000 or less.

### CONCLUSION

Upon consideration of the discrepancy created between the Minnesota pleading law, which disallows pleading a specific amount in excess of $50,000 and the $75,-000 amount in controversy for federal diversity jurisdiction; and considering the purpose of removal and federal diversity jurisdiction, Plaintiff's stipulation must control the amount in controversy. Plaintiff does not seek to reduce the original amount sought in his complaint, but seeks to clarify the amount of damages beyond what is allowed by Minnesota pleading law. Plaintiff's stipulation that damages do not exceed $75,000 overcomes Defendant's speculation that damages may be greater. As the amount in controversy does not exceed $75,000, there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, Washington County District Court has original jurisdiction over this matter.

**IT IS HEREBY RECOMMENDED** that:

Plaintiff's motion to remand to Washington County District Court [Docket No. 6] be **granted.**

Nov. 20, 1998.