Susan G. NAGEL, Plaintiff,

v.

**WAL–MART STORES, INC., Defendant.**

No. A1–04–027.

United States District Court, D. North Dakota, Southwestern Division.

May 27, 2004.

John J. Gosbee, Mandan, ND, for plaintiff.

Daniel E. Ashmore, Gunderson Palmer Goodsell & Nelson, Rapid City, SD, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

HOVLAND, Chief Judge.

Before the Court is the Plaintiff's Motion to Remand the above-entitled action to the District Court for the State of North Dakota, South Central Judicial District, Burleigh County. The basis for remand is lack of jurisdiction under 28 U.S.C. § 1332, in that the amount in controversy is not in excess of $75,000.00. For the reasons outlined below, the Plaintiff's Motion to Remand is granted.

## I. BACKGROUND OF THE CASE

The plaintiff, Susan G. Nagel, was injured in a "slip and fall" accident at defendant Wal–Mart's Bismarck, North Dakota, store on March 3, 2004. On March 8, 2004, Nagel served Wal–Mart with a summons and complaint asserting claims under North Dakota state law. Nagel had not yet filed the suit in state court; however, the caption of the complaint lists the South Central Judicial District, Burleigh County as the court where the case would be filed. On March 26, 2004, Wal–Mart filed a notice of removal to the United States District Court for the District of North Dakota. On April 27, 2004, Nagel filed a Motion for Remand or Other Relief with this Court.

In her complaint, Nagel alleges Wal–Mart maintained a dangerous condition in its Bismarck store which caused the slip and fall. Nagel asserts she "suffered injuries to her knees and head, a concussion, bruising, and pain and suffering." Nagel's prayer for relief requests:

- an award of damages and judgment against Wal–Mart of at least $50,000.00, plus taxable costs and disbursements, and if allowable, attorney fees.
- On all issues so triable, trial by a jury of at lest 9 persons.
- Such other relief to which she shows she is entitled.

In the Notice of Removal, Wal–Mart contends that:

plaintiff has alleged a claim that is recognized under diversity jurisdiction, and the United States District Court has jurisdiction in that the amount in controversy may exceed the sum of $75,000 (plaintiff's complaint alleges damages in amounts unknown to defendant).

Nagel has since filed a Motion to Remand based on the lack of federal jurisdiction alleging the amount in controversy requirement under 28 U.S.C. § 1332 has not been met. Wal–Mart contends that a verdict in the case may reasonably exceed $75,000.00.

## II. LEGAL ANALYSIS

Following removal of a case to federal court, a plaintiff can seek remand of the action back to state court. 28 U.S.C. § 1447(c). It is well-established that the removing party bears the burden of showing that removal was proper. See In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993); see also Capehart–Creager Enterprises, Inc. v. O'Hara and Kendall Aviation, Inc., 543 F.Supp. 259, 262 (W.D.Ark.1982). Removal statutes are strictly construed in favor of state court jurisdiction. In re Business Men's Assur. Co. of America, 992 F.2d

181, 183 (8th Cir.1993). Federal district courts must resolve all doubts concerning removal in favor of remand. *Id.*

 District courts shall have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). Whether a plaintiff satisfies the $75,000 amount in controversy requirement is a jurisdictional issue for the Court to decide. *See Trimble v. Asarco, Inc.,* 232 F.3d 946, 959 (8th Cir.2000). A complaint must be dismissed or the case remanded if it appears that the value of the claim is less than the required amount of $75,000. *Id.* The party opposing remand has the burden of establishing federal subject-matter jurisdiction. *Green v. Ameritrade, Inc.,* 279 F.3d 590, 596 (8th Cir.2002). Where the complaint states a specific amount lower than the required amount, a defendant seeking removal must show that it appears to a legal certainty that the amount in controversy exceeds $75,000.00. *Dyrda v. Wal–Mart Stores, Inc.,* 41 F.Supp.2d 943, 946 (D.Minn.1999) (citing *Corlew v. Denny's Restaurant, Inc.,* 983 F.Supp. 878, 879 (E.D.Mo.1997) and *Central Associated Carriers, Inc. v. Nickelberry,* 995 F.Supp. 1031, 1033 (W.D.Mo. 1998)).

Both parties concede that complete diversity exists, so the Court is concerned only with whether the amount in controversy requirement has been met. In order to prevail in its opposition to the motion to remand, Wal–Mart must establish that the amount in controversy exceeds $75,000. *Krahn v. Cross Country Bank,* No. Civ. 01–2069 (PAM/RLE), 2003 WL 21005295, (D.Minn. Apr.23, 2003) (citing *Larkin v. Brown,* 41 F.3d 387, 388–89 (8th Cir.1994) and *Peterson v. BASF Corp.,* 12 F.Supp.2d 964, 968 (D.Minn.1998)); *see also Trimble v. Asarco, Inc.,* 232 F.3d 946, 959 (8th Cir.2000) ("When a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. The complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount.").

It is unclear what burden of proof is required by the party opposing remand when the complaint does not specify an actual amount of damages. *Webb v. American International Group, Inc.,* No. 5:02–CV–00478–WRW, 2003 WL 21991340, (E.D.Ark. Aug.19, 2003) (noting that the circuit courts are split as to what burden of proof is required when an amount is not specified and also stating that the Eighth Circuit has not yet resolved the issue). The Eleventh Circuit has adopted an approach that requires the defendant to prove by a "legal certainty" that the amount in controversy exceed $75,000. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994). A second approach has been adopted by the Fifth, Ninth, and Tenth Circuits, which compels the defendant to establish the amount in controversy "by a preponderance of the evidence." *Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 910 (5th Cir.2002); *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir.2001); *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996). A third approach, adopted by the Second and Seventh Circuits, requires the defendant to establish the amount in controversy by a "reasonably probability." *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2nd Cir.2000); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997).

In this case, Nagel stated in her complaint that she is seeking "an award of damages and judgment against Wal–Mart

of at least $50,000.00, plus taxable costs and disbursements, and if allowable, attorney fees." North Dakota pleading law states:

> Any pleading for damages for death or injury to a person may pray for economic and noneconomic damages separately. Any prayer for noneconomic damages of less than fifty thousand dollars or for economic damages may be for a specific dollar amount. Any prayer for noneconomic damages for fifty thousand dollars or more must be stated generally as "a reasonable sum but not less than fifty thousand dollars."

N.D.C.C. § 32–03.2–07. In her complaint Nagel did not specify whether she was seeking economic or noneconomic damages, but given the language of her complaint it appears she is seeking no less than $50,000 in damages. Although she is not required to do so, Nagel has not offered to stipulate that her damages are less than $75,000. Accordingly, the Court finds Nagel has alleged at least $50,000 in damages.

In its response to the motion to remand, Wal–Mart argues that in its counsel's experience, this type of case establishes damages in excess of $75,000. To support this proposition, Wal–Mart characterizes Nagel's injuries as including impairment to or loss of eyesight to establish damages in excess of $75,000, and cites to several cases in which the plaintiffs received more than $75,000 in damages for the loss of sight in one eye. *See Myers v. Hearth Technologies, Inc.,* 621 N.W.2d 787, 790 (Minn.Ct.App.2001) (damages of $1.2 million for loss of sight in right eye); *Ayala v. Fortaleza,* 216 A.D.2d 203, 628 N.Y.S.2d 289 (N.Y.App.Div.1995) (damages of $500,000 for loss of sight in right eye); *Crawford v. Williams,* 198 A.D.2d 48, 603 N.Y.S.2d 456 (N.Y.App.Div.1993) (damages of $1.2 million for loss of sight in one eye); *Davis v. Bd. of Educ.,* 168 A.D.2d 261, 562 N.Y.S.2d 496 (N.Y.App.Div.1990) (damages of $200,000 for loss of sight in one eye); *LaPaglia v. Sears Roebuck and Co. Inc.,* 143 A.D.2d 173, 531 N.Y.S.2d 623 (N.Y.App.Div.1988) (damages of $800,000 for loss of right eye); *Walker v. Maybelline,* 477 So.2d 1136, 1138 (La.Ct.App.1985) (damages of $426,584.35 for the loss of sight in one eye).

The flaw with Wal–Mart's estimation of Nagel's damages is the characterization of her injuries. Nagel's complaint is devoid of any mention of impaired or lost eyesight. Wal–Mart is apparently relying on a letter drafted by Nagel's counsel, which was sent to personnel at the Bismarck Wal–Mart store the day of Nagel's accident. In the letter, Nagel's counsel states "Mrs. Nagel has diabetes and severely impaired vision, and that the fall could have aggravated her vision problems (in addition to the usual painful consequences of such a fall)." (Docket No. 8, Exhibit A). In addition, correspondence between counsel for Nagel and Wal–Mart on March 30 and 31, 2004, (after the Notice of Removal was filed) discusses the possibility of an eye examination and "permanent aggravation to her vision." (Docket No. 8, Exhibits B and C). The file contains no allegation that Nagel was partially blinded by the accident.

The allegation in Nagel's complaint are distinguishable from those set forth in the cases Wal–Mart relies upon to establish that the amount in controversy is $75,000. Here, Nagel's counsel admitted she had "severely impaired vision" and there is no evidence to suggest she had lost her eyesight as a result of the incident; whereas in the cases cited by Wal–Mart, the plaintiffs presumably did not have impaired vision prior to their accidents and all of those plaintiffs lost their sight in one eye as a result of the accidents. Such factual differences diminish the persuasive value of the cases cited by Wal–Mart. A plain-

tiff with less than perfect vision to begin with who has not alleged that she lost her sight as a result of the accident would expect to recover far less damages than the plaintiffs in the cases cited by Wal–Mart. In addition, the Court's experience with numerous slip and fall cases leads it to believe the amount in controversy in this case does not reach the requisite $75,000.

■ Wal–Mart has failed to provide any proof that Nagel's recoverable damages will be in excess of $75,000. Nor has Wal–Mart directed the Court to any authority exemplifying the typical award in a similar claim. Mere theoretical possibilities that the amount could exceed $75,000, does not sustain the burden of showing that removal was proper, nor does it demonstrate that the amount in controversy will exceed $75,000. Federal courts must resolve all doubts concerning removal in favor of remand. The Court finds that regardless of what burden of proof is applied (i.e. legal certainty, preponderance of the evidence, or clear and convincing evidence) Wal–Mart has not shown that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332.[1]

## III. CONCLUSION

The Court concludes that removal jurisdiction is lacking and that a remand to state court is appropriate. Accordingly, the Court **GRANTS** Nagel's Motion to Remand (Docket No. 6) and remands this action back to the District Court for the

State of North Dakota, South Central Judicial District, Burleigh County.

**IT IS SO ORDERED.**

---

1. The Court's ruling does not preclude Wal–Mart from seeking removal at a later date. *See* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action").