Patricia R. CAPPS, f/k/a Patricia Anderson and Terrel A. Anderson, a/k/a Terral Anderson, Plaintiffs,

v.

Colleen L. WEFLEN a/k/a Colleen Weflen, a single woman, Marleen Weflen f/k/a Marleen E. Tiedt, Sharon Kruse a/k/a Sharon O. Kruse f/k/a Sharon Weflen, a married woman dealing in her sole and separate property, Catherine Harris, Cathy Gunderson, a single woman, Norris Weflen a/k/a Norris L. Weflen, a single man, Windsor Bakken, LLC, a Delaware Limited Liability Company, John H. Holt Oil Properties, Inc., and Atomic Oil & Gas, a Colorado Limited Liability Company, Defendants.

Case No. 4:10–CV–003.

United States District Court, D. North Dakota, Northwestern Division.

March 4, 2010.

**33.** Plaintiff also argues that she never asked for a late work shift and insinuates that her assigned workshift was involuntary. However, her own exhibit shows otherwise. Plaintiff's Exhibit LLL is an e-mail dated December 4, 2001 in which plaintiff acknowledges that the VA management told her she could request a change in her core time later than 9:00 a.m. for medical reasons. Plaintiff, in this email, requests a core time change to 9:15 a.m to allow her to come in between 9 a.m. and 9:15 a.m. This request was approved, and in fact, she was allowed to change it further to a later core time of 9:30 a.m.

Patrick W. Durick, Zachary E. Pelham, Pearce & Durick, Bismarck, ND, for Plaintiffs.

Richard P. Olson, Olson Burns Lee, Minot, ND, S. Thomas Throne, Weston Timothy Graham, Throne Law Office, P.C., Sheridan, WY, for Defendants.

### ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND

DANIEL L. HOVLAND, District Judge.

Before the Court is the Plaintiffs' "Motion for Remand" filed on January 28, 2010. *See* Docket No. 3. The plaintiffs seek to remand this matter back to the North Dakota state district court. The basis for the remand is 1) diversity of jurisdiction has not been established by the removing party; 2) consent for removal among all of the defendants has not been established; and 3) the "forum defendant rule" mandates a remand. For the reasons outlined below, the motion for remand is **GRANTED.**

## I. *BACKGROUND*

This case arises out of a quiet title action concerning a dispute over mineral interests in real property located in Mountrail County, North Dakota. The plaintiffs, Patricia R. Capps and Terrel A. Anderson, commenced the action in state court, Northwest Judicial District,

Mountrail County, on December 18, 2009. *See* Docket No. 1–1. A timely notice of removal to the United States District Court for the District of North Dakota was filed on January 20, 2010. *See* Docket No. 1. The notice of removal was filed on behalf of defendants Colleen L. Weflen, Marleen Weflen, Sharon O. Kruse, Catherine Harris, Cathy Gunderson, and Norris L. Weflen. The other named defendants, Windsor Bakken, LLC, John H. Holt Oil Properties, Inc., and Atomic Oil & Gas, neither filed a notice of removal, joined in the removal petition, nor communicated to the Court their consent to the removal. On January 28, 2010, the plaintiffs filed a motion to remand, and a response was filed by the defendants on February 11, 2010. *See* Docket Nos. 3 and 8.

## II. *LEGAL DISCUSSION*

■ As a general rule, removal is appropriate only if a federal district court has original jurisdiction over the action. 28 U.S.C. § 1441. Thus, federal district courts may exercise removal jurisdiction only where they would have had original jurisdiction had the suit initially been filed in federal court. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000); *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir.1997). Removal statutes are strictly construed in favor of state court jurisdiction. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir.1993).

■ Following removal of a case to federal court, a plaintiff can seek remand of the action back to state court. 28 U.S.C. § 1447(c). "The language of section 1447(c) mandates remand of the case (to the state court from which it was removed) whenever the district court concludes that subject-matter jurisdiction is nonexistent." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir.2003). The

party seeking removal and opposing remand has the burden of establishing federal jurisdiction. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir.2002); *In re Business Men's Assurance Co. of Am.*, 992 F.2d at 183. *Nagel v. Wal–Mart Stores, Inc.*, 319 F.Supp.2d 981, 982 (D.N.D.2004). Federal courts must resolve all doubts about federal jurisdiction in favor of remand. *Id.*

■ It is well-established that federal courts are courts of limited jurisdiction. They can adjudicate only those cases that the Constitution and Congress authorize them to adjudicate which generally are those in which 1) the United States is a party; 2) a federal question is involved; or 3) diversity of citizenship exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The United States is not a party to this action. It is undisputed that this action does not involve a federal question. Accordingly, the Court has original jurisdiction over this action only if diversity of citizenship exists. *See* 28 U.S.C. § 1332(a)(1).

However, not every diversity action qualifies for removal. For cases commenced in state court where it is a defendant who wants a federal forum, there is an additional hurdle to clear before successfully reaching federal court. That hurdle is 28 U.S.C. § 1441(b) which states as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of

the State in which such action is brought.

This rule is commonly referred to as the "forum defendant rule." *See Horton v. Conklin,* 431 F.3d 602, 604 (8th Cir.2005). Under the forum defendant rule, a non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* (quoting 28 U.S.C. § 1441(b)). 28 U.S.C. § 1441(b) makes diversity jurisdiction in removal cases narrower than if the case were originally filed in federal court by the plaintiff. A defendant may not remove an action to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was originally filed. In *Hurt v. Dow Chem. Co.,* 963 F.2d 1142, 1146 (8th Cir.1992), the Eighth Circuit held that a violation of the "forum defendant rule" is a jurisdictional defect and not simply a procedural irregularity capable of being waived. Although other circuits have held to the contrary, the law in the Eighth Circuit is clear that a violation of the "forum defendant rule" constitutes a jurisdictional defect.

In this case, plaintiff Patricia Capps is a resident of Washington and plaintiff Terrel Anderson is a resident of Alaska. The plaintiffs chose to bring a quiet title action in state district court in North Dakota, which they had a right to do. In order for the defendants to invoke the jurisdiction of the federal court, they must meet the statutory requirements for removal jurisdiction. Because the action was initially brought in North Dakota state court, and because it is undisputed that some of the defendants are North Dakota citizens, the "forum defendant rule" as set forth in 28 U.S.C. § 1441(b) clearly provides that a remand to state court is required because removal was improper. A defendant is not entitled to remove an action from state court if *any* party in interest properly joined and served as a defendant is a citizen of the state in which the action was brought, i.e., North Dakota.

A remand to state district court is warranted and appropriate for a number of reasons. Diversity of jurisdiction has not been established by the removing party who bears the burden of establishing federal jurisdiction. There is no indication in the record that all of the defendants have consented or acquiesced to removal. More important, the "forum defendant rule" clearly applies and renders removal improper because there are several defendants who are citizens of the State of North Dakota and the plaintiffs initially brought this action in North Dakota state court. The "forum defendant rule" expressed in 28 U.S.C. § 1441(b) prohibits the defendants from removing this action to federal court in North Dakota.

### III. *CONCLUSION*

For the reasons set forth above, the Court finds that removal of the state court action was improper. The Court **GRANTS** the Plaintiffs' Motion for Remand (Docket No. 3). It is well-established that the party seeking removal and opposing remand has the burden of establishing federal jurisdiction. Federal district courts must resolve all doubts about federal jurisdiction in favor of remand. Neither the facts nor the law support removal in this case. It is clear and undisputed that the "forum defendant rule" as set forth in 28 U.S.C. § 1441(b) prohibits the defendants from removing this action to federal court.

The Clerk of Court is directed to remand this action back to the District Court

of the State of North Dakota, Northwest Judicial District, Mountrail County.

IT IS SO ORDERED.