Lacey **LADUCER**, Plaintiff,

v.

**DISH NETWORK SERVICE, L.L.C.,** Defendant.

Case No. 4:09–cv–052.

United States District Court, D. North Dakota, Northwestern Division.

March 8, 2010.

Thomas A. Dickson, Dante E. Tomassoni, Jodi Lynn Colling, Dickson Law Office, Bismarck, ND, Alexander F. Reichert, Reichert Law Office PC, Grand Forks, ND, Ariston Edward Johnson, Bucklin Klemin McBride & Schweigert, Bismarck, ND, For Plaintiff.

Christopher J. Nyhus, Pearce & Durick, Bismarck, ND, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

DANIEL L. HOVLAND, District Judge.

Before the Court is the Plaintiff's "Motion to Remand" the above-entitled action to the District Court for the State of North Dakota, Northeast Judicial District, Rollette County. *See* Docket No. 6. The basis for remand is lack of jurisdiction under 28 U.S.C. § 1332 in that the amount-in-controversy is not in excess of $75,000. For the reasons outlined below, the motion is **GRANTED**.

## I. *BACKGROUND OF THE CASE*

On April 21, 2009, the plaintiff, Lacey Laducer, served and filed a civil action in state court against Dish Network Service, L.L.C., alleging conversion and consumer fraud under North Dakota statutory law. *See* Docket No. 1–2. Laducer has alleged that Dish Network inappropriately took $341 from her bank account. In addition, Laducer has alleged a claim for consumer fraud under Chapter 51–15 of the North Dakota Century Code. Laducer had purchased satellite television services from Dish Network and such services were terminated after the monthly fees were not paid.

The action was not initially removable to federal court since the amount in controversy was not known to be in excess of $75,000. There is no dispute that diversity of citizenship exists between the parties. On August 21, 2009, during settlement negotiations, Dish Network filed a notice of removal to federal court, citing a letter it had received from Laducer's attorney in which an offer to settle the case was made in the amount of $175,000. This demand was made in response to a settlement offer from Dish Network made on July 20, 2009. The settlement demand in the letter is the sole basis for federal jurisdiction. Laducer brought this motion to remand the case to the North Dakota state court on the grounds that the federal court lacks subject matter jurisdiction. Laducer contends the recoverable damages under North Dakota law for claims of conversion and consumer fraud limit the damages to a sum less than $75,000. In addition, Laducer has stipulated that her recoverable damages are less than $75,000.

The notice of removal was filed on August 21, 2009. *See* Docket No. 1. The motion to remand and supporting memo-

randum were filed on September 16, 2009. *See* Docket Nos. 6 and 7. Each of the parties have also filed reply briefs, all of which have been carefully reviewed by the Court.

## II. *LEGAL ANALYSIS*

Following removal of a case to federal court, a plaintiff can seek remand of the action back to state court. 28 U.S.C. § 1447(c). It is well-established that the removing party bears the burden of showing that removal was proper. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir.1993); *see Capehart–Creager Enters., Inc. v. O'Hara and Kendall Aviation, Inc.*, 543 F.Supp. 259, 262 (W.D.Ark.1982). Removal statutes are strictly construed in favor of state court jurisdiction. *Lochthowe v. State Farm Mut. Auto. Ins. Co.*, 470 F.Supp.2d 1033, 1034 (D.N.D.2007). Federal district courts must resolve all doubts concerning removal in favor of remand. *Nagel v. Wal–Mart Stores, Inc.*, 319 F.Supp.2d 981, 983 (D.N.D.2004).

District courts shall have original jurisdiction of all civil actions between citizens of different states where the amount-in-controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). Whether a plaintiff satisfies the $75,000 amount-in-controversy requirement is a jurisdictional issue for the court to decide. *See Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir.2000), abrogated on other grounds by *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). A complaint must be dismissed or the case remanded if it appears that the value of the claim is less than the required amount of $75,000. The party opposing remand has the burden of establishing federal subject-matter jurisdiction. *Nagel v. Wal–Mart Stores, Inc.*, 319 F.Supp.2d 981, 983 (D.N.D.2004); *Green v. Ameritrade, Inc.*, 279 F.3d 590,

596 (8th Cir.2002). Where the complaint states a specific amount lower than the required amount, a defendant seeking removal must show that it appears to a legal certainty that the amount-in-controversy exceeds $75,000. *Dyrda v. Wal–Mart Stores, Inc.*, 41 F.Supp.2d 943, 946 (D.Minn.1999) (citing *Corlew v. Denny's Rest., Inc.*, 983 F.Supp. 878, 879 (E.D.Mo. 1997); *Cent. Associated Carriers, Inc. v. Nickelberry*, 995 F.Supp. 1031, 1033 (W.D.Mo.1998)). The party seeking removal has the burden of proving the requisite amount by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir.2009).

Both parties concede that complete diversity exists. Therefore, the Court is concerned only with whether the amount-in-controversy requirement has been met. In order to prevail in its opposition to the motion to remand, the defendant must establish that the amount-in-controversy exceeds $75,000. *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir.1994); *Peterson v. BASF Corp.*, 12 F.Supp.2d 964, 968 (D.Minn. 1998).

Laducer has asserted a claim of conversion against Dish Network. The allegation is that Dish Network inappropriately converted $341 from Laducer's bank account. Apparently, this amount represents a prorated cancellation fee and a portion of the unreturned equipment fees. It is undisputed that the damages for conversion under North Dakota law are the value of the property at the time of the conversion, and fair compensation for the time and money expended in pursuit of the property. *See* N.D.C.C. § 32–03–23. As a result, the *maximum* value of the conversion claim is the amount allegedly converted ($341) plus reasonable compensation for the time and money expended to pursue the claim, all of which is significantly less than $75,000.

Laducer has also alleged a claim of consumer fraud under Chapter 51–15 of the

North Dakota Century Code. Assuming for the sake of argument that Laducer has a valid claim under this statute, the recoverable damages are set forth in Section 51–15–09 which provides as follows:

§ 51–15–09. Claims not barred

Except as provided in section 51–15–02.3, this chapter does not bar any claim for relief by any person against any person who has acquired any moneys or property by means of any practice declared to be unlawful in this chapter. If the court finds the defendant knowingly committed the conduct, the court may order that the person commencing the action recover up to three times the actual damages proven and the court must order that the person commencing the action recover costs, disbursements, and actual reasonable attorney's fees incurred in the action.

It is clear and undisputed that the *maximum* recoverable damages for the claim of consumer fraud would be an amount three times the actual damages proven ($341), plus costs, disbursements, and reasonable attorney's fees. The Eighth Circuit permits the court to consider attorney's fees in determining the amount-in-controversy. *See Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir.1992).

The Court finds, by more than a preponderance of the evidence, that the maximum recoverable damages in this case, including all costs, disbursements, and reasonable attorney's fees, are significantly less than the requisite sum of $75,000. It is an absolute legal certainty that the amount-in-controversy is less than $75,000.[1] No reasonable person could argue to the contrary under any imaginable set of circumstances. More important, Laducer has stipulated that the recoverable damages are less than $75,000.

The early settlement demand of $175,000 is standard puffery and posturing at best. Such an unreasonable demand does not establish by a preponderance of the evidence that the amount-in-controversy exceeds $75,000, particularly when one considers that the *maximum* recoverable damages under North Dakota law for a claim of conversion and consumer fraud in this case would be in the range of $1,000 plus reasonable costs and attorney's fees. The record reveals that the total amount allegedly converted by Dish Network was $341. Assuming a valid claim of consumer fraud exists, the maximum recovery would be three times the actual damages ($341 × 3 = $1,023), plus reasonable costs and attorney's fees. *See* N.D.C.C. § 51–15–09. No reasonable person could conclude this small case has a value in excess of $75,000, although it has generated considerable legal work.[2] The Court finds that Dish Net-

1. The Court acknowledges that the plaintiff's settlement demand may be considered "other paper" under 28 U.S.C. § 1446(b), but it is only one of the relevant factors that may be considered in determining whether the amount-in-controversy exceeds $75,000. The inquiry into whether the amount-in-controversy has been met is fact intensive and no single factor is dispositive.

2. Dish Network has filed a third party action against the plaintiff's father and moved for default judgment on that claim. Claims of conversion, fraud, breach of contract, and implied indemnification have been asserted in that action. There is a pending motion to dismiss the third party action. A separate action has also been filed in tribal court by the plaintiff's father against Dish Network. Discovery in tribal court is ongoing and contentious. The litigation has now infiltrated the tribal, state, and federal courts with both parties expending far more in costs and attorney's fees than any of the disputes are worth. The briefs submitted by both parties are excellent—but the time, effort, and money expended on such a case is questionable. Common sense needs to prevail and the disputes ought to be settled.

work Service has not met its burden of proof and has failed to show that the amount-in-controversy exceeds $75,000 as required by 28 U.S.C. § 1332.

### III.  *CONCLUSION*

The Court concludes that removal jurisdiction is lacking and that a remand to state court is appropriate.  Dish Network has failed to present sufficient evidence to show that a fact finder could legally conclude that the damages in this case are greater than the $75,000 amount-in-controversy requirement necessary to support diversity jurisdiction.  Accordingly, the Court **GRANTS** Laducer's motion to remand (Docket No. 6), and remands this action back to the District Court for the State of North Dakota, Northeast Judicial District, Rollette County.  The pending third party motions for default judgment and dismissal are **DENIED** as moot (Docket Nos. 11 and 14).

**IT IS SO ORDERED.**